UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, and STATE OF MINNESOTA, | |
| Plaintiffs, | Case No. 3:25-cv-50017 |
| v. | Hon. Iain D. Johnston |
| DEERE & COMPANY, | |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to the Court's January 27, 2025 Order (ECF No. 33) in the captioned action (the "Government Action"), Plaintiffs Federal Trade Commission ("FTC") and the States of Illinois and Minnesota (together with the FTC, "Government Plaintiffs") and Defendant Deere & Company respectfully submit this Joint Status Report regarding the re-production of potentially confidential documents obtained by the FTC in the course of its pre-complaint investigation and the proposed case schedule.

I.  **PRODUCTION OF FTC'S INVESTIGATIVE FILES CONTAINING THIRD-PARTY MATERIALS**

Pursuant to the Court's January 27, 2025 Order, the FTC notified third parties regarding the re-production of their documents to Deere in this Action. This section addresses the FTC's notice efforts (Part A), and the objections and issues raised by third parties as to re-production to Deere of third-party documents in the FTC's investigative file, and the parties' attempts to resolve them (Part B). In the course of outreach, some third parties also raised objections to the

potential re-production of the FTC's investigative file to MDL Plaintiffs in the MDL Action, which is also addressed herein (Part C).

### A. Notice to Third Parties

During its pre-complaint investigation, the FTC received documents and/or transcribed testimony directly from 28 third parties, as well as Deere and plaintiffs in the MDL Action ("MDL Plaintiffs"). On January 27, 2025, the FTC provided notice to each of these 28 third parties that (i) the FTC intends—following the entry of a protective order in this action and the receipt of applicable discovery requests—to re-produce to Deere the documents that the third party previously produced to the FTC, (ii) the FTC anticipates entry of a Confidentiality Order in the Government Action that is substantially similar to the Amended Agreed Confidentiality Order entered by the Court on May 9, 2024 in the MDL Action (ECF No. 179 in the MDL Action), (iii) third parties will have the opportunity to designate, pursuant to the Confidentiality Order, the appropriate level of confidentiality for the documents in their production prior to its re-production to Deere, and (iv) the Court has established a February 7, 2025 deadline for objections to such re-production. On January 29, 2025, the FTC provided similar notice to Deere and the MDL Plaintiffs.

### B. Objections and Other Issues Raised by Third Parties as to Re-Production to Deere

Of the notified parties, three third parties raised objections to the re-production in the Government Action of documents previously produced to the FTC.[1] On February 5, 2025, the

---

[1] Thirteen other third parties take the position that they would have no objection to the anticipated re-production to Deere, provided that (i) the Court enter a confidentiality order affording the same or materially similar protections as those under the Amended Agreed Confidentiality Order in the MDL Action, and (ii) the FTC apply specified confidentiality designations to those third parties' documents or afford the opportunity to provide designations following the entry of a confidentiality order. Three of these third parties also requested confidentiality provisions that either (i) are already incorporated into the parties' current proposed confidentiality order or (ii) will be incorporated into the parties' amended confidentiality order, as discussed further below.

2

FTC and Deere met and conferred jointly with these third parties to further discuss their concerns. The third parties have identified two issues regarding the re-production of the FTC's investigative file to Deere, related to (i) confidentiality, and (ii) relevance, which the parties address in turn below. Two additional third parties object to the FTC's re-production of certain materials to Deere on the basis that such re-production may, in turn, trigger the re-production of their materials by Deere to the MDL Plaintiffs, an issue discussed in Part C below.

        1.        **The Parties Expect to File a Proposed Confidentiality Order That Will Addresses Third-Party Confidentiality Concerns.**

*First*, the objecting third parties expressed concern over certain provisions in the proposed confidentiality order and have requested revisions or additions to certain provisions, including the addition of a "Outside Counsel Eyes Only" confidentiality tier that limits access to particularly competitively sensitive documents to outside counsel only. The parties are continuing to confer with each other, as well as the objecting third parties, to develop an amended confidentiality order that addresses this concern. The parties have reached an agreement in principle to include an "Outside Counsel Eyes Only" designation, which should address in full the objecting third parties' confidentiality concerns. To ensure that the objecting third parties' concerns are fully addressed, the parties are continuing to solicit and incorporate feedback from the third parties.

In the interim, the parties have agreed to move this Court on February 7, 2025 to enter a proposed Confidentiality Order that is substantially similar to the Confidentiality Order filed in the MDL Action to ensure there are confidentiality protections in place while the parties continue to finalize the "Outside Counsel Eyes Only" provisions. This interim order also addresses the other concerns raised by third parties as to the confidentiality order. Entry of this interim order will allow the FTC to produce information relating to third parties who do not seek "Outside

3

Counsel Eyes Only" designations for their documents following receipt of Deere's document requests and third parties' designation of their productions as Confidential and/or Highly Confidential, as outlined in the proposed Confidentiality Order. The parties expect to file an updated Amended Proposed Confidentiality Order in the next few weeks.

### 2. Third Parties' Relevance Objections

***Second***, the objecting third parties take the position that certain of their documents produced to the FTC are not relevant to the claims or defenses in the Government Action. These third parties have proposed a procedure whereby (i) Deere and Government Plaintiffs would serve new Rule 45 subpoenas on the objecting third parties seeking information produced to the FTC, (ii) each objecting third party would respond to the Rule 45 subpoenas, and would serve a document-specific log identifying previously produced materials that each third party now seeks to withhold, and (iii) Deere, Government Plaintiffs, and the third party would meet-and-confer over any withheld documents that are disputed, with any unresolved disputes submitted to the Court for *in camera* review.

### a) *Deere's Position: Third-Party Documents Produced to the FTC During the Pre-Complaint Investigation Are Relevant.*

The documents at issue—produced by third-parties to the FTC during the pre-complaint investigation that led to the filing of this lawsuit—are clearly relevant to this case. The objecting third-parties previously reviewed and designated the information as responsive to an FTC subpoena that sought information for the specific, stated purpose of investigating Deere's conduct "related to the repair of agricultural equipment," the very conduct at the center of this case. Earlier today, the third parties filed a statement with their objections. *See* ECF No. 37. Tellingly, nowhere in their statement do they provide a single explanation for why these materials are irrelevant to this case.

4

Deere has a right to these documents under Federal Rules of Civil Procedure 26 and 34, which allow a party to obtain discovery of relevant documents within another party's possession, custody, or control. The FTC presumably deemed this information relevant to its investigation when it subpoenaed the third-parties, and the FTC has already notified the third-parties that it intends to produce the information to Deere. Indeed, it is standard practice for the defendant to seek, and for the government to produce, third-party information obtained during the government's pre-complaint investigation. *See, e.g.*, *Fed. Trade Comm'n v. Staples, Inc.*, No. CV 15-2115 (EGS), 2016 WL 259642, at *1 (D.D.C. Jan. 21, 2016) (explaining that plaintiffs— the Federal Trade Commission and the Attorneys General for the District of Columbia and the Commonwealth of Pennsylvania—produced, among other third-party information, "(1) all documents obtained from, or sent to third parties during Plaintiffs' 2013 and 2015 investigations; [and] (2) all communications with third parties from both investigations"); *United States v. AT&T Inc.*, 310 F. Supp. 3d 161, 185 (D.D.C. 2018), *aff'd sub nom. United States v. AT&T, Inc.*, 916 F.3d 1029 (D.C. Cir. 2019) (summarizing the parties' first steps in a government litigation following an investigation, including the government's production to defendants of "third-party documents collected during the investigation"); *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) ("[T]he FTC offered to voluntarily produce documents it received in response to civil investigative demands and subpoenas issued since the complaint was filed."). Courts have rejected third-parties' attempts to prevent the government from turning over its investigative files to defendants. *See, e.g.*, *United States v. Aetna Inc.*, No. 1:16-CV-01494 (JDB), 2016 WL 8738421, at *5, 9 (D.D.C. Sept. 14, 2016) (denying third-parties' request to "reconsider and potentially redesignate as 'irrelevant' material that they have provided to the government").

Allowing third-parties to modify this standard practice and redesignate information they now claim to be "irrelevant" would violate Deere's rights and create a prejudicial asymmetry of information. Pursuant to the third-parties' proposal, the government would have the benefit of information in formulating its case that would be off-limits to Deere. And this disadvantage for Deere would be largely determined by third-party competitors of Deere, who would have the ability to redesignate information as "irrelevant" based on their judgment. The objecting third-parties offer to produce a document-by-document log of previously produced materials that they now seek to withhold, to allow the parties to meet-and-confer and challenge their redesignations. But it is far from clear how Deere could meaningfully challenge any redesignation because it would not have access to the information. It is also unclear how a document-specific approach would change the relevance determination, given that the documents at issue are limited to those that the third-parties *already* found to be responsive to the FTC's subpoena.

Permitting any third-party to now redesignate will also inject unnecessary delay into this litigation. So far, four third-parties have raised this objection, which means thousands of documents are implicated. More third-parties may come forward and take this approach if the Court opens this door, resulting in ongoing litigation and delay. *See Aetna Inc.*, 2016 WL 8738421, at *5 ("[E]ven permitting only one party—United, let alone possibly multiple parties—to re-designate its material will result in significant interruption to these proceedings because the parties would have the right to challenge any designation by United [or others], resulting in continued litigation and delay."). Making things worse, the third-parties propose that they would not only re-review their productions in their entirety, but also draft a document-by-document log that provides a description and reason for withholding each document. This will take time and cause further delay in the production of materials that the FTC has possessed for months (if not

6

years). This proposed process would effectively eliminate any chance to realize meaningful efficiencies by coordinating discovery in this matter with the remaining discovery in the MDL. Further, the third-parties propose to burden the Court with a document-by-document *in camera* review of disputed documents. This would unnecessarily add to the Court's burden, with no clear, identifiable benefit, given the facts.

Finally, to the extent the Court is willing to allow third-parties to withhold their documents based on relevance, there is no need for the parties to serve new Rule 45 subpoenas on the third-parties. The Federal Rules of Civil Procedure provides a well-established process for Deere to seek these documents from the government and provide an opportunity for interested third-parties to file a motion for protective order. Specifically, Rule 34 permits Deere to seek discovery within another party's possession, custody, or control—here, the FTC. Any third party whose rights may be affected by the discovery request can file a motion for protective order pursuant to Rule 26(c). *See In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 343-344 (N.D. Ill. 2008) (Rule 26(c)(1)(g) "enables non-parties to show good cause for a protective order"). There is no need for a separate Rule 45 subpoena, and in fact, the Rules contemplate— and courts routinely ***require***—that parties should seek party discovery before pursuing third-party discovery. *See, e.g.*, *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 591-592 (N.D. Ill. 2020) (denying party's motion to compel compliance with non-party subpoena because "plaintiff ought to have pursued discovery from the company he sued before targeting a non-party[,]" even when the non-party subpoena may have been "simpler" in practice); *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 309 (D.S.C. 2013) (quashing plaintiff's non-party subpoenas where the information sought is in defendant's possession because "Rule 26(b) commands that this Court limit discovery when the information sought can be obtained from a

7

more convenient source"); *Serrala US Corp. v. Paschke*, No. 3:21-CV-907/TKW/ZCB, 2022 WL 19333286, at *2 (N.D. Fla. Sept. 7, 2022) (staying compliance with third party subpoenas where "Plaintiff should be able to obtain the information it requested in the third-party subpoenas from Defendants themselves" and noting that plaintiff may move to lift the stay "[i]f, for some extraordinary reason" plaintiff cannot obtain the information from defendants "in the normal course of discovery").

Pursuant to these Rules, to the extent the Court wants briefing on these issues, Deere proposes that the Court set the following briefing schedule to allow objecting third-parties to file motions for protective orders.

- Motions for protective orders are due no later than March 7, with the parties meeting-and-conferring before the filing of any motion;
- Responses are due 14 days thereafter;
- Replies are due 7 days thereafter.

### b) FTC's Position on Relevance

The FTC's position is that any relevance disputes are best resolved by each objecting third party first identifying those documents that it believes are not relevant and that serving a new Rule 45 subpoena introduces unnecessary delay. The full scope of documents produced by each objecting third party to the FTC is already known. Each objecting third party is therefore already able to identify those documents that it asserts are not relevant to the claims and defenses in the Government Action and should do so as soon as practicable without introducing the delay entailed by a new Rule 45 subpoena and the associated time to respond. Further, the FTC joins in Deere's proposed briefing schedule for motions for protective orders.

## C. Objections to Production of Documents in the MDL Action.

Separate from the issue of the FTC's re-production of its investigative file to Deere, six

8

third parties have expressed their opposition to the potential production to MDL Plaintiffs—in the MDL Action—of some or all materials produced to the FTC. Consistent with past practice in similar circumstances, the FTC does not intend to produce its investigative file to MDL Plaintiffs and takes the position that, should the MDL Plaintiffs serve on Deere a discovery request for that material, Deere may meet-and-confer with the MDL Plaintiffs, consistent with the third-party notice obligations under the Confidentiality Order operative in the Government Action.

II.     **PROPOSED CASE SCHEDULE**

    A.     **Plaintiffs' Position on Scheduling**

Following extensive discussion, the parties have reached agreement on the significant deadlines in the case. A handful of interim deadlines remain disputed.

First, the FTC seeks a deadline for Deere's production of materials requested but not produced during its investigation and has identified the specific correspondence containing those requests. Deere does not agree to setting a deadline because it plans to object to certain of those requests. However, the parties' need to meet and confer about potential objections is no basis to forgo a deadline for production of materials that are agreed upon or court-ordered as within the scope of production for those requests. Moreover, the proposed deadline is two and a half months after the requests will be served and over five months after Deere was asked to produce the materials in question.

Second, Plaintiffs are seeking advance notice of the subjects of expert reports that Deere may offer on issues where it bears the burden of proof, and Plaintiffs are prepared to make the same disclosures about their own expert(s). Likewise, Plaintiffs propose a deadline for identification of the experts by name for the purpose of confirming no conflicts exist before the expert reports are drafted and served. Advance notice would permit Plaintiffs to locate and retain

9

appropriate expert(s) through government procurement processes, educate them on the case, and permit them to do research related to the topics. Deere's proposal would require either that Plaintiffs carry out all those activities after receiving Deere's expert report(s) or that Plaintiffs expend considerable resources to engage experts based on Rule 26(f) disclosures that Deere makes clear may differ substantially from its final expert line-up. The advance notice requested by Plaintiffs imposes no burden on Deere, and Deere's proposal would impose substantial burdens on Plaintiffs.

Third, Plaintiffs propose slightly shorter deadlines for the exchange of expert reports as Plaintiffs propose that only a single deposition be taken of an expert without good cause. That deposition should be taken after the reply report, so there is no need to build in time for depositions after the initial report. Plaintiffs' position is that deposing affirmative experts after each of their initial and reply reports are submitted would be disproportionately burdensome because preparing for and defending two depositions of each expert would double the cost to Plaintiffs without providing commensurate value to the resolution of the case. *See* Fed. R. Civ. P. 1; *cf.* Gregory P. Joseph, *The Temptation to Depose Every Expert*, 40 A.B.A. SEC. LITIG. 1 (2014); William Cirignani, *The Case for Not Taking Defense Expert Depositions*, 18 TRIAL JOURNAL 20 (Winter 2016)).

### B. Deere's Position on Scheduling

As reflected in the proposed case schedule chart below, the parties have reached agreement on many aspects of the case schedule, but disagree on deadlines and obligations for document production and expert discovery.

### 1. Deadline for Deere to Produce Documents Requested During the Investigation

The FTC conducted an extensive, years-long investigation of Deere, during which the

agency issued two Civil Investigative Demands subpoenaing a broad range of information from Deere. In response, Deere produced millions of pages of documents, voluminous data, and sworn testimony from more than a dozen witnesses. During the course of the investigation, the scope of the FTC's requests continued to expand—it appeared that the more information that the Company produced, the more requests that the FTC sent. The FTC chose to file this lawsuit before the parties resolved the slew of ever-growing list of demands from the agency, but the FTC wants this Court to order Deere to behave as though the investigation is still ongoing. But now that the parties are in litigation, Deere is afforded the protections of the Federal Rules of Civil Procedure, including Rule 26's proportionality rule and prohibition against duplicative and cumulative discovery. The FTC, however, is requesting the Court to enter an order requiring Deere to complete productions of documents responsive to the agency's overly broad, unduly burdensome *investigation requests* by April 30, 2025. Deere, on the other hand, proposes that the parties proceed pursuant to the Federal Rules of Civil Procedure—it will serve responses and objections, and meet-and-confer with the FTC on the scope and timing of production. To be responsive to the FTC's proposal and to move this litigation forward, Deere proposes in the schedule that it will commit to begin rolling productions of responsive, relevant information within 30 days of receiving Plaintiffs' requests. While the FTC suggests that they would meet and confer about Deere's objections to these requests, the language in Plaintiffs' proposed scheduling order precludes any meaningful ability for Deere to object and raise legitimate issues with the court.

        **2.**     **Early Expert Disclosures**

Plaintiffs ask this Court to impose expert discovery disclosure deadlines while the parties are still in fact discovery, months before the parties will serve expert reports. Based on the

agreed schedule below, opening expert report(s) will not be due until <u>January 29, 2026 or later</u> (depending on whether the Court has ruled on Deere's Rule 12(c) motion), but Plaintiffs propose to require the parties to *(1)* identify the topic(s) that will be included in the opening report(s) by <u>November 15, 2025</u>, and *(2)* disclose the identity of expert(s) the parties will rely upon by <u>December 19, 2025</u>. This proposal to require out-of-sequence discovery is unwarranted and burdensome. Plaintiffs claim that they want to know the topics that will be included in any affirmative expert reports months before the reports are due to permit them sufficient time to retain and prepare a report. But Rule 26 already requires the parties to discuss discovery issues early in the case, during the 26(f) conference, including expert discovery. In addition, this Court's standard Proposed Case Management Order requires the parties to state the subjects for which the parties anticipate retaining experts—this provides more than sufficient disclosure in advance of expert discovery. Not surprisingly, the Case Management Order in the MDL does not impose the deadline that Plaintiffs seek. Plaintiffs argue that seek early disclosure to allow them enough time to prepare a rebuttal expert report, should Deere serve an initial expert report. However, during meet-and-confers, Deere proposed several times that it is willing to extend the deadline for rebuttal reports to address this very concern, but Plaintiffs refused each time. In fact, Plaintiffs seek to further *limit* the time that the parties have to serve rebuttal reports to 60 days, at the same that that they claim insufficient time to prepare rebuttal reports. Indeed, Deere seeks 75 days for the parties to serve rebuttal reports, to allow the parties sufficient time to respond to opening reports. Further, contrary to Plaintiffs' position that early disclosure of expert report topics imposes no burden on Deere, imposing this deadline would require Deere to identify expert report topics (should it serve an opening report) many months before the report is due. Not only does this impose a burden, but it also creates a potential (and unnecessary dispute)

12

if a party determines after the deadline it needs expert testimony on an additional topic, given that Plaintiffs are proposing to set the deadline before fact discovery has closed.

Plaintiffs' request for the disclosure of the identities of experts that the parties will rely upon, months before the expert reports are due is similarly unnecessary and burdensome. Plaintiffs' proposal would require Deere to identify its rebuttal experts months before it can see Plaintiffs' affirmative reports. Such a proposal is unreasonable and prejudicial. Plaintiffs assert that they seek the names "for the purpose of confirming no conflicts exist before the expert reports are drafted and served." It is incumbent upon each party to check and clear conflicts. If Plaintiffs are uncertain whether Deere would raise a conflicts argument, nothing prevents Plaintiffs from sharing the identity of its expert(s) with Deere, and asking if Deere intends to challenge an expert due to conflicts.

### 3. Number of Expert Depositions

Plaintiffs also refuse to build in time in the proposed schedule for depositions after the exchange of each expert report. Instead, Plaintiffs seek to limit Deere to only one expert deposition, and only after Plaintiffs serve their reply reports. Plaintiffs' asserted rationale is that it "would double the cost to Plaintiffs without providing commensurate value to the resolution of the case." However, it is well established that a party may "depose [] [an] expert after each report" because the opportunity to respond to new material in the rebuttal report *increases* "efficiency and fundamental fairness." *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, No. 17 CIV. 01580 (LGS), 2019 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019); *see also In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-MD-01827-SI, 2014 WL 12639392, at *2 (N.D. Cal. Dec. 10, 2014) (explaining that "it has been common practice . . . for the parties to take rebuttal depositions" and that "allowing Defendants to inquire into the new material adduced in [] [the]

110-page rebuttal report will increase the chances of an efficient trial and potential settlement."); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486 PJHJCS, 2006 WL 3462580, at *1 (N.D. Cal. Nov. 29, 2006) (permitting defendants to depose the expert on his rebuttal report "even though they have already deposed him on his opening report" because it "is the fair result"). As one court explained, "[w]hile each deposition is an increased expense it should also help to ensure that counsel and the witnesses are well prepared for trial," and the "opportunity to explore those opinions prior to trial should increase the efficiency of any trial presentation." *Id.* It is premature to impose an order at this stage limiting Deere to a second deposition of an expert's reply, particularly when reply reports "inevitably express new opinions." *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 6879321, at *1.

**Proposed Schedule**

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Defendant's Motion to Seal the Complaint | February 7, 2025 ||
| Plaintiffs' deadline to add new parties and amend the Complaint | February 7, 2025 ||
| Rule 26(f) Conference; Discovery Opens | February 14, 2025 ||
| Parties to Exchange Initial Disclosures | February 28, 2025 ||
| Defendant to File Answer | March 17, 2025 ||
| Defendant to File Rule 12 Motion | March 17, 2025 ||
| Plaintiff to File Opposition to Defendant's Rule 12 Motion | April 28, 2025 ||
| Defendant to File Reply in Support of Motion pursuant to Rule 12 | May 28, 2025 ||
| Hearing on Defendant's Rule 12 Motion | To be set by the Court ||

14

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Timing of document productions | April 30, 2025 deadline for the production of documents identified in Deere's November 21, 2024 letter, and staff's January 8, 2025 email to the extent they are responsive to requests for production served by the FTC on Deere by February 21, 2025. | No later than March 14, 2025, Deere will begin rolling productions in response to non-objectionable requests for production of documents served by February 14, 2025. |
| Deadline for requests for production | May 15, 2025, other than requests relating to Service Center and targeted requests addressing matters that arise from depositions held or documents produced after May 15, 2025[2] ||
| Deadline for substantial completion of all document productions | October 15, 2025 ||
| Parties to identify topic(s) of affirmative expert report(s) | November 15, 2025 | Topics will be disclosed during expert discovery, at the time that expert reports are served. |
| Close of fact discovery | December 15, 2025 ||
| Parties to identify expert witnesses | December 19, 2025 | Experts will be identified during expert discovery when expert reports are served. |
| Parties to serve expert report(s) on matters on which they bear the burden of proof | • If the Court has not yet ruled on the Rule 12 Motion: 45 days after Court's Rule 12 ruling, subject to meet-and-confers and any further court order at the time; • If the Court has already ruled on the Rule 12 Motion: 45 days after the close of fact discovery. ||
| Deadline for parties to serve rebuttal expert report(s) | 60 days after parties serve initial expert report(s) | 75 days after initial expert report(s); upon request, the parties serving initial reports shall make available their experts for deposition within 45 days of service of their initial report(s). |
| Deadline for parties to serve reply expert report(s) | 45 days after parties serves rebuttal report(s) | 45 days after rebuttal report(s); upon request, the parties serving rebuttal reports shall make available experts for deposition within 30 days of service of their rebuttal report(s) |
| Close of expert discovery | 30 days after parties serve reply expert report(s) ||

---

[2] Deere reserves its ability to meet-and-confer with FTC on the scope, burden, and proportionality of any requests served after May 15, 2025.

15

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
|  | No expert to be deposed more than one time without showing good cause. | The parties may depose experts after service of each expert report |
| Deadline to file *Daubert* motions | 45 days after close of expert discovery ||
| Deadline to file opposition to *Daubert* motions | 45 days after filing of *Daubert* motion ||
| Deadline to file reply in support of *Daubert* motions | 30 days after filing of opposition to Daubert motion ||
| Hearing on *Daubert* motions | To be set by the Court ||
| Motion for Summary Judgment | To be determined after the *Daubert* motion ruling ||
| Opposition to Motion(s) for Summary Judgment | 45 days from filing of Motion for Summary Judgment ||
| Reply in Support of Motion(s) for Summary Judgment | 30 days from filing of Opposition to Motion for Summary Judgment ||
| Hearing on Motion(s) for Summary Judgment | To be set by the Court ||

**III. DISCLOSURE OF AN UNREDACTED COPY OF THE COMPLAINT TO MDL COUNSEL**

Deere is open to providing a copy of the unredacted Complaint in this matter to counsel in the MDL Action *after* all appropriate Confidentiality Orders have been entered.

Dated: February 7, 2025

Respectfully submitted,

By: /s/ Laura R. Hall
    LAURA R. HALL
    Federal Trade Commission
    Bureau of Competition
    600 Pennsylvania Avenue, N.W.
    Washington, DC 20580
    Telephone: (202) 326-3282
    Email: lhall1@ftc.gov

By: /s/ Lin W. Kahn
    **JONES DAY**
    Lin W. Kahn
    lkahn@jonesday.com
    555 California Street, 26th Floor
    San Francisco, CA 94104
    Telephone:   +1.415.626.3939
    Facsimile:   +1.415.875.5700

| | |
|---|---|
| JOSEPH R. BAKER<br>JEFFREY CAO<br>JOSEPH M. CONRAD<br>SOPHIA QASIR<br>MELISSA WESTMAN-CHERRY<br><br>*Attorneys for Plaintiff Federal Trade Commission*<br><br>RACHEL F. SIFUENTES<br>Federal Trade Commission<br>230 South Dearborn St., Suite 3030<br>Chicago, IL 60604<br>Telephone: (312) 960-5617<br>Email: rsifuentes@ftc.gov<br><br>*Local Counsel for Plaintiff Federal Trade Commission*<br><br><br>FOR PLAINTIFF STATE OF ILLINOIS<br><br>KWAME RAOUL<br>Attorney General<br><br>By: /s/ Elizabeth L Maxeiner<br>    BRIAN M. YOST<br>    Assistant Attorney General, Antitrust<br>    ELIZABETH L. MAXEINER<br>    Bureau Chief, Antitrust<br>    Office of the Illinois Attorney General<br>    115 S. LaSalle Street<br>    Chicago, IL 60603<br>    Telephone: (872) 276-3598<br>    Email: Brian.yost@ilag.gov<br>           Elizabeth.maxeiner@ilag.gov<br><br>*Attorneys for Plaintiff State of Illinois*<br><br>FOR PLAINTIFF STATE OF MINNESOTA<br><br>KEITH ELLISON<br>Attorney General<br><br>JAMES CANADAY<br>Deputy Attorney General | Tiffany D. Lipscomb-Jackson<br>tdlipscombjackson@jonesday.com<br>325 John H. McConnell Boulevard, Suite 600<br>Columbus, OH 43215-2673<br>Telephone:    +1.614.469.3939<br>Facsimile:    +1.614.461.4198<br><br>Corey A. Lee<br>calee@jonesday.com<br>North Point<br>901 Lakeside Ave E<br>Cleveland, OH 44114-1190<br>Telephone:    +1.216.586.3939<br>Facsimile:    +1.216.579.0212<br><br>John M. Majoras<br>jmmajoras@jonesday.com<br>Ryan Thomas<br>rcthomas@jonesday.com<br>Lauren Miller Forbes<br>lmillerforbes@jonesday.com<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001-2113<br>Telephone:    +1.202.879.3939<br>Facsimile:    +1.202.626.1700<br><br>*Attorneys for Defendant Deere & Company* |

17

By: /s/ Elizabeth Odette
ELIZABETH ODETTE (pro hac vice motion forthcoming)
Manager, Assistant Attorney General, Antitrust Division
KATHERINE A. MOERKE (pro hac vice motion forthcoming)
Assistant Attorney General, Antitrust Division
Office of the Minnesota Attorney General
Suite 1400
445 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 757-1257
Email: katherine.moerke@ag.state.mn.us
elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*