**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEERE & COMPANY,<br><br>*Defendant*. | Case No. 3:25-cv-50017<br><br>Hon. Iain D. Johnston |

**JOINT MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**FEDERAL RULE OF EVIDENCE 502(d)**

Plaintiffs the Federal Trade Commission, the State of Illinois, the State of Arizona, Attorney General Dana Nessel on behalf of the People of Michigan, the State of Minnesota, and the State of Wisconsin (together "Plaintiffs") and Deere & Company ("Deere") jointly request this Court for entry of an order under Federal Rule of Evidence 502(d) ("Rule 502(d) Order") in the form attached hereto as Exhibit A.

Rule 502(d) empowers a court to order that attorney-client privilege or work product protection "is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." That protection is essential in modern, complex litigation involving the exchange of large volumes of electronically stored information ("ESI"). The Rule provides predictability as to the consequences of disclosure of protected materials and also promotes efficiency in the discovery process, eliminating costly and time-consuming potential motion practice regarding waiver issues. Accordingly, courts routinely enter Rule 502(d) Orders. *See, e.g.*, *RTC Indus., Inc. v. Fasteners for Retail, Inc.*, No. 17 C 3595, 2020 WL 1148813, at *5-6 (N.D. Ill. Mar. 9, 2020); *In*

*re Testosterone Replacement Therapy Prods. Liab. Litig.*, 301 F. Supp. 3d 917, 924 (N.D. Ill. 2018); *Excel Golf Prod., Inc. v. MacNeill Eng'g Co.*, No. 11 C 1928, 2012 WL 1570772, at *2 (N.D. Ill. May 3, 2012).

Here, the parties and non-parties may produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege, work product protection or any other immunity from discovery. The parties wish to expedite and facilitate the production of data, information, and documents, and to protect against waiver as a result of the inadvertent disclosure of attorney-client privileged communications or work product materials. The protection afforded by Rule 502(d) is therefore warranted.

For the foregoing reasons, the parties request that the Court enter the proposed Rule 502(d) Order in the form attached hereto as **Exhibit A**.

Respectfully submitted,

*/s/ Laura R. Hall*
LAURA R. HALL
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Telephone: (202) 326-3282
Email: lhall1@ftc.gov

JOSEPH R. BAKER
JEFFREY CAO
JOSEPH M. CONRAD
SOPHIA QASIR
MELISSA WESTMAN-CHERRY

*Attorneys for Plaintiff Federal Trade Commission*

RACHEL F. SIFUENTES
Federal Trade Commission
230 South Dearborn St., Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5617
Email: rsifuentes@ftc.gov

*Local Counsel for Plaintiff Federal Trade Commission*

FOR PLAINTIFF STATE OF ILLINOIS

KWAME RAOUL
Attorney General

*/s/ Brian M. Yost*
BRIAN M. YOST
Assistant Attorney General, Antitrust
JENNIFER M. CORONEL
Assistant Attorney General, Antitrust
ELIZABETH L. MAXEINER
Bureau Chief, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (872) 276-3598

*/s/ Lin W. Kahn*
**JONES DAY**
Lin W. Kahn
lkahn@jonesday.com
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Tiffany D. Lipscomb-Jackson
tdlipscombjackson@jonesday.com
325 John H. McConnell Boulevard,
Suite 600
Columbus, OH 43215-2673
Telephone: +1.614.469.3939
Facsimile: +1.614.461.4198

Corey A. Lee
calee@jonesday.com
North Point
901 Lakeside Ave E
Cleveland, OH 44114-1190
Telephone: +1.216.586.3939
Facsimile: +1.216.579.0212

John M. Majoras
jmmajoras@jonesday.com
Ryan Thomas
rcthomas@jonesday.com
Lauren Miller Forbes
lmillerforbes@jonesday.com
51 Louisiana Avenue, N.W.
Washington, DC 20001.2113
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700

*Attorneys for Defendant Deere & Company*

Email: Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov
Elizabeth.maxeiner@ilag.gov

*Attorneys for Plaintiff State of Illinois and Local Counsel for Plaintiff States of Arizona, Michigan, Minnesota, and Wisconsin*

FOR PLAINTIFF STATE OF ARIZONA

KRISTIN K. MAYES
Attorney General

*/s/ Sarah Pelton*____________________
SARAH PELTON (pro hac vice motion forthcoming)
ROBERT A. BERNHEIM (pro hac vice motion forthcoming)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Sarah.Pelton@azag.gov
Robert.Bernheim@azag.gov

*Attorneys for Plaintiff State of Arizona*

FOR PLAINTIFF DANA NESSEL

DANA NESSEL
Attorney General

*/s/ LeAnn D. Scott*____________________
LEANN D. SCOTT
Assistant Attorney General
(MI Bar No. P84053)
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov

*Attorney for the People of Michigan*

FOR PLAINTIFF STATE OF MINNESOTA

KEITH ELLISON
Attorney General

JAMES CANADAY
Deputy Attorney General

*/s/ Elizabeth Odette*
KATHERINE A. MOERKE
Assistant Attorney General, Antitrust Division
ELIZABETH ODETTE
Manager, Assistant Attorney General, Antitrust Division
Office of the Minnesota Attorney General
Suite 1400
445 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 757-1257
Email: katherine.moerke@ag.state.mn.us
elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF WISCONSIN

JOSHUA KAUL
Attorney General

*/s/ Caitlin M. Madden*
CAITLIN M. MADDEN
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: maddencm@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

Dated: February 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Northern District of Illinois' CM/ECF System, which will send notification of such filing to all counsel of record.

Dated: February 28, 2025

*/s/ Lin W. Kahn*
Lin W. Kahn
*Attorney for Defendant Deere & Company*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

FEDERAL TRADE COMMISSION, ET AL.,

*Plaintiffs*,

v.

DEERE & COMPANY,

*Defendant*.

Case No. 3:25-cv-50017

Hon. Iain D. Johnston

**[PROPOSED] ORDER**

Upon motion by the parties and for good cause shown, pursuant to Federal Rule of Evidence 502(d), it is hereby ORDERED:

1. The production of privileged or work-product-protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or for "quick peek," is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and to limit the applicability of Federal Rule of Evidence 502(b), except as specified, *infra*.

2. To seek protection for inadvertently disclosed or "quick peek" documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection recognized by the Seventh Circuit Court of Appeals (notwithstanding that Federal Rule of Evidence 502 is limited to the attorney-client privilege and work-product doctrine), a

party is not required to show that reasonable steps were taken to avoid the disclosure of the documents or information.

3. Upon receiving notice of a claim of privilege or protection on a produced document, the party receiving such notice must within 10 business days destroy or sequester the specified information, along with any copies, notes, abstracts or compilations of the content thereof. Within 5 business days of providing notice of the claim of privilege or protection on a produced document, the producing party shall substantiate the privilege or protection claim on a privilege log and, if the privilege or protection claim only applies to part of the document, produce the redacted version of the document.

4. The party receiving notice of a claim of privilege or protection must notify the producing party whether it intends to challenge the claim of privilege or protection within 7 business days of receiving the redacted document or privilege log for the produced document at issue. If the party receiving such notice challenges the producing party's assertion of privilege or protection, the parties shall then meet-and-confer regarding the challenge within 7 business days of the party providing its notice of challenge and, if they are unable to reach agreement, they shall submit the dispute to the Court within 14 business days of the meet-and-confer.

5. If the party receiving notice of a claim of privilege or protection does not challenge the producing party's assertion of privilege or protection, then upon expiration of the 7 business day period, all copies of the disputed material shall be returned or destroyed.

6. If the producing party claws back 10 percent or more of total documents produced, or 5,000 or more documents that were produced more than 30 days from the production date before notice of a claim of privilege or protection on a produced document, the party receiving notice of a claim of privilege or protection shall have the right to elect that the

protections provided by Rule 502(d) shall not apply to that set of documents, and instead Federal Rule of Evidence 502(b) shall apply.

7. If a party receiving notice of a claim of privilege or protection disputes the claim of privilege or protection, the party receiving such notice shall not use or disclose the information until the claim is resolved. If the party receiving such notice disclosed the information before being notified, they shall take reasonable steps to prevent further use of such information until the claim is resolved.

8. Nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information for relevance, responsiveness, privilege, or work-product protection before production.

9. Nothing contained in this Order is intended to or shall serve to extend or preserve a party's ability to assert a claim of privilege or protection, or clawback any document, if that document has previously been introduced in the litigation, such as at deposition, in a filing, or at a hearing, and the producing party did not previously provide notice of a claim of privilege or protection on that document at the time the document was initially introduced or for a period of seven days thereafter.

SIGNED this _____ day of ________________, 2025.

______________________________
HONORABLE IAIN D. JOHNSTON
UNITED STATES DISTRICT COURT JUDGE