IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL., *Plaintiffs*, v. DEERE & COMPANY, *Defendant*. | Case No. 3:25-cv-50017 Hon. Iain D. Johnston |

**ORDER**

Upon motion by the parties and for good cause shown, pursuant to Federal Rule of Evidence 502(d), it is hereby ORDERED:

1. The production of privileged or work-product-protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or for "quick peek," is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and to limit the applicability of Federal Rule of Evidence 502(b), except as specified, *infra*.

2. To seek protection for inadvertently disclosed or "quick peek" documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection recognized by the Seventh Circuit Court of Appeals (notwithstanding that Federal Rule of Evidence 502 is limited to the attorney-client privilege and work-product doctrine), a

party is not required to show that reasonable steps were taken to avoid the disclosure of the documents or information.

        3.      Upon receiving notice of a claim of privilege or protection on a produced document, the party receiving such notice must within 10 business days destroy or sequester the specified information, along with any copies, notes, abstracts or compilations of the content thereof. Within 5 business days of providing notice of the claim of privilege or protection on a produced document, the producing party shall substantiate the privilege or protection claim on a privilege log and, if the privilege or protection claim only applies to part of the document, produce the redacted version of the document.

        4.      The party receiving notice of a claim of privilege or protection must notify the producing party whether it intends to challenge the claim of privilege or protection within 7 business days of receiving the redacted document or privilege log for the produced document at issue. If the party receiving such notice challenges the producing party's assertion of privilege or protection, the parties shall then meet-and-confer regarding the challenge within 7 business days of the party providing its notice of challenge and, if they are unable to reach agreement, they shall submit the dispute to the Court within 14 business days of the meet-and-confer.

        5.      If the party receiving notice of a claim of privilege or protection does not challenge the producing party's assertion of privilege or protection, then upon expiration of the 7 business day period, all copies of the disputed material shall be returned or destroyed.

        6.      If the producing party claws back 10 percent or more of total documents produced, or 5,000 or more documents that were produced more than 30 days from the production date before notice of a claim of privilege or protection on a produced document, the party receiving notice of a claim of privilege or protection shall have the right to elect that the

protections provided by Rule 502(d) shall not apply to that set of documents, and instead Federal Rule of Evidence 502(b) shall apply.

7. If a party receiving notice of a claim of privilege or protection disputes the claim of privilege or protection, the party receiving such notice shall not use or disclose the information until the claim is resolved. If the party receiving such notice disclosed the information before being notified, they shall take reasonable steps to prevent further use of such information until the claim is resolved.

8. Nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information for relevance, responsiveness, privilege, or work-product protection before production.

9. Nothing contained in this Order is intended to or shall serve to extend or preserve a party's ability to assert a claim of privilege or protection, or clawback any document, if that document has previously been introduced in the litigation, such as at deposition, in a filing, or at a hearing, and the producing party did not previously provide notice of a claim of privilege or protection on that document at the time the document was initially introduced or for a period of seven days thereafter.

SIGNED this third day of March, 2025.

_____
HONORABLE IAIN D. JOHNSTON
UNITED STATES DISTRICT JUDGE