**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL., | **Case No.: 3:25-cv-50017** |
| *Plaintiffs*, | **Hon. Iain D. Johnston** |
| v. | |
| DEERE & COMPANY, | |
| *Defendant*. | |

**Confidentiality Order**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, documents produced pursuant to non-party subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order does not limit the right of any party or non-party to object to the scope of discovery in the above-captioned action. Nor does it constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections as to admissibility. Nothing in this Order shall be construed to prevent a party or non-party from seeking further provisions regarding confidentiality as may be appropriate.

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" by the producing party or non-party.

1

(a)     Information may be designated "CONFIDENTIAL" if it falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, commercial, or financial information that the party or non-party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; or (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms. Information or documents that are available to the public may not be designated as Confidential Information.

(b)     The designation "HIGHLY CONFIDENTIAL — SENSITIVE INFORMATION" shall be limited to information described above that the producing party or non-party believes, in good faith, contains non-public and especially sensitive information and falls within one or more of the following categories: (a) personnel, employment, financial, commercial or customer records of a person who is not a party to the litigation; or (b) confidential research, technical, commercial, financial or any other especially sensitive trade secret information.

(c)     The designation "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall be limited to competitively sensitive information produced by a non-party manufacturer of agricultural equipment, parts, and repair tools based on a reasonable, good faith belief that the information contains highly sensitive business information, the disclosure of which to another party or non-party would create a substantial risk of serious competitive or commercial harm to the producing non-party. Designating entities must take care to limit any such designation to specific material that qualifies under this standard. By way of example, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" may include the following information: trade secrets; sensitive and non-public research or analysis; competitively sensitive customer information; financial, marketing, or strategic business planning information; current or future pricing information; information relating to research, development, or testing of, or plans for, existing or proposed future products; information relating to the processes, apparatus, or analytical

2

techniques used by a non-party in its present or proposed commercial production of such products; or information that the non-party believes may result in financial harm to the party or non-party if disclosed. The identity of a non-party manufacturer of agricultural equipment, parts, or repair tools that is designating information in connection with this matter shall not constitute "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" material.

3. **Designation.**

(a)    A party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)    The designation of a document as Confidential Information is a certification by an attorney, or a party, or a non-party, including any party or non-party appearing pro se, that the document contains Confidential Information as defined in

this order.[1]

        (c)    <u>Designation of Investigation Materials</u>.  The following procedures apply to investigative materials produced by non-parties to Plaintiffs during the pre-Complaint inquiry by Plaintiffs into potentially anticompetitive conduct by Deere that led to the filing of this Action.

        (1)    Prior to production by the Plaintiffs in this action, Plaintiffs will provide non-parties thirty (30) days' notice of this Protective Order, during which the non-parties can designate any materials pursuant to the terms of this Order.

        (2)    If a non-party believes that this Order does not adequately protect its materials, it may, upon notice that its protected materials will be shared and receipt of a copy of this Order, seek additional protection from the Court within fourteen (14) days of notice. If a non-party seeks additional protection from the Court, the investigative materials at issue for which additional protection has been sought will not be produced until the Court has ruled.

    4.    **Depositions.**

        (a)    Unless all parties (and non-parties, if participating) agree on the record at the time the deposition testimony is taken, and except as provided in subparagraph 4(b), all deposition testimony taken in this case shall be treated as "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION" until the expiration of the following: No later than 30 days after the transcript is delivered to the designating party, non-party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party or non-party may serve a Notice of Designation to all parties of record and non-parties involved as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL - SENSITIVE INFORMATION", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction of this Court on the subject matter of the designation.

Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

(b)     Depositions of any non-party manufacturer of agricultural equipment, parts, and repair tools shall be taken only in the presence of counsel and court reporters and recorders that are entitled to access information designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to subparagraphs 5(d)(1) and (3) of this Order. All deposition testimony of any non-party manufacturer of agricultural equipment, parts, and repair tools, shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" until the later of 30 days after the transcript is delivered to the designating party, non-party, or the witness or 60 days after the testimony was given. Within this time period, a party or non-party may serve a Notice of Designation to all parties of record and non-parties involved as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

5.     **Protection of Confidential Material.**

(a)     **General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)     **Limited Third-Party Disclosures of Information Designated "Confidential."** The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated as "CONFIDENTIAL" to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review information  designated  as "CONFIDENTIAL":

(1)     **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including Federal Trade Commission Commissioners and their offices, state plaintiff attorneys general and their offices, and Federal Trade

Commission and state plaintiffs' attorneys, employees, law clerks, and interns;

(2) **Parties.** Individual parties and employees of a party, but only to the extent counsel determines in good faith that the party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court.** The Court and its personnel;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions.** For depositions, witnesses who are or were employed by the entity designating the information as Confidential, or who previously had access to the information outside the context of this litigation, or who it is reasonably believed have knowledge of the matters in the document (provided that each deposition notice include a copy of this Order and advise the deponent that they are bound by the Confidentiality Order). Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process

set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) **Others by Consent.** Other persons only by written consent of the producing party or non-party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Third-Party Disclosures of Information Designated "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION."** The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated as "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION" to any party or third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review information designated as "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION":

(1) **Counsel.** Counsel for plaintiffs, including Federal Trade Commission Commissioners and their offices, state plaintiff attorneys general and their offices, and Federal Trade Commission and state plaintiffs' attorneys, employees, law clerks, and interns, outside counsel for the defendant and their employees, as well as in-house counsel in defendant's in-house legal department who are actively managing and/or overseeing this action (including two of their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this action); provided however, that with respect to information produced in response to non-party subpoenas, such in-house counsel and personnel may view such information only if outside counsel for a party deems that review to be reasonably necessary to the conduct of the litigation.

(2) **The Court.** The Court and its personnel;

(3)     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4)     **Witnesses at depositions.** Witnesses for the taking of depositions, if the information designated as "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION" is or previously was accessible to the witness outside the context of this litigation or it is reasonably believed that the witness has knowledge of the matters in the document (provided that each deposition notice include a copy of this Order and advise the deponent that they are bound by the Confidentiality Order). However, the witness shall not retain a copy of documents containing "HIGHLY CONFIDENTIAL- SENSITIVE INFORMATION."

(5)     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(8)     **Others by Consent.** Other persons only by written consent of the producing party or non-party or upon order of the Court and on such conditions as may be agreed or ordered.

(d)     **Limited Third-Party Disclosures of Information Designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."** The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated by a non-party manufacturer of agricultural equipment, parts, and repair

8

tools as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to any party or third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, and only to the extent reasonably necessary to the conduct of the litigation, the following categories of persons may be allowed to review information designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY":

    (1)    **Counsel.** Counsel for plaintiffs, including Federal Trade Commission Commissioners and their offices, state plaintiff attorneys general and their offices, and Federal Trade Commission and state plaintiffs' attorneys, employees, law clerks, and interns, as well as outside counsel for the defendant and for outside counsel's employees.

    (2)    **The Court.** The Court and its personnel;

    (3)    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    (4)    **Witnesses at depositions.** Witnesses for the taking of depositions, if the information designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is or previously was accessible to the witness outside the context of this litigation (provided that each deposition notice include a copy of this Order and advise the deponent that they are bound by the Confidentiality Order). However, the witness shall not retain a copy of documents containing "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

    (5)    **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6)    **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties solely to assist in the preparation and trial of this action, and not including any person who is currently an employee, contractor, officer, or

director of an entity that is presently engaged in the research development, distribution, manufacture, or sale of agricultural equipment, parts, and repair tools, or a current consultant to such entity provided that consultancy involves the research or development of agricultural equipment, parts, and repair tools, but subject to subparagraph 5(e) and only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(8) **Others by Consent.** Other persons only by written consent of the producing party or non-party or upon order of the Court and on such conditions as may be agreed or ordered.

(e) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(f) **Information Security Protections.** Any person in possession of Confidential Information received from another person or entity in connection with this action, including, but not limited to, e-discovery vendors, shall use reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information, and protect against unauthorized access to or use of such Confidential Information.

If a receiving entity discovers a breach of security, including any actual or suspected unauthorized access to Confidential Information, they shall: (1) notify the person or entity who designated the Confidential Information; (2) investigate and use reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the person or entity who designated the

Confidential Information can reasonably ascertain the size and scope of the breach. The receiving entity agrees to cooperate with the person or entity who designated the Confidential Information or law enforcement in investigating any such security incident.

6.      **Redactions.** To protect against unauthorized disclosure, the producing party or non-party will redact from produced documents, materials and other things, the following items: financial account numbers, Social Security numbers, and tax identification numbers. Nothing in this paragraph shall require any party to produce personal identifying information or other information in a manner that does not comply with federal or state law, nor is it a waiver of any objection to the production of information that may be raised in response to a discovery request.

7.      **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party or non-party designates a document as Confidential Information after it was initially produced, the receiving party or parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8.      **Confidential Information Subject to Freedom of Information Act ("FOIA") or Public Records Statute**. If, under any Freedom of Information Act, public records statute, or other relevant law, any Confidential Information is subject to any form of compulsory process or is demanded from a Plaintiff, such Plaintiff shall: (a) notify in writing the designating party whose Confidential Information may be affected within 30 business days of receiving the process or demand, unless the Plaintiff denies a public records or similar request and the denial is not challenged; (b) not produce the Protected Material in response to such compulsory process or public

11

records request unless the Plaintiff deems that it is required by law to do so, in which case Plaintiff shall provide the designating party 20 business days' notice of its intent to do so unless a statute, court order, or another public adjudicatory body requires that the Plaintiff produce the Confidential Information in a shorter time frame, in which case the Plaintiff will provide notice to the designating party as early as reasonably practicable before the expiration of that shorter time frame; and (c) be prohibited from disclosing Confidential Information by this Order, if the Confidential Information is requested for disclosure under a public records act or the equivalent, and the public records act or the equivalent provides an exception for disclosure of information that is (i) protected by court order or (ii) gathered by the Plaintiff in connection with investigating or litigating potential civil or criminal violations of federal or state law, or any other available exception that may apply to the Confidential Information.

9. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party or non-party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

10. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party or non-party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party or non-party. In conferring, the challenging party must explain in writing the basis for its belief that the confidentiality designation was not proper and must give the designating party or non-party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party or non-party must respond to the challenge within five (5) business

12

days.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12.     **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party or non-party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13.     **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information, and, if designated as Confidential Information by a non-party, provide notice to the non-party that designated such document, material, or information as Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party or non-party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include

13

a copy of the subpoena or court order.

      (b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      (c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party or non-party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party or non-party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

      15.    **Legally Permitted Use of Information by Plaintiffs**. Nothing in this Order shall prevent the Federal Trade Commission or the State Plaintiffs from disclosing and using Confidential Information, subject to taking appropriate steps to preserve confidentiality, to the extent permitted by Sections 6(f) and 21 of the FTC Act, 15 U.S.C. §§ 46(f) and 57b-2, or required by any other legal obligation imposed upon the FTC or the State Plaintiffs.

      16.    **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party or non-party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

      17.    **Obligations on Conclusion of Litigation.**

      (a)    **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      (b)    **Obligations at Conclusion of Litigation.** Within sixty-three days

14

after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – SENSITIVE INFORMATION", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party or non-party to the extent permitted under applicable laws unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party or non-party that it has done so.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information. For the avoidance of doubt, only counsel and the Court as defined in subparagraph 5(d) may retain documents filed under seal which are marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Further, consultants, investigators, and experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action shall only retain the final version of any report(s) filed with the Court that refers to information that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and not disclose or use Confidential Information in any subsequent litigation or for any other consultancy.

---

[2] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

18.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. Furthermore, nothing in this Order shall prejudice the right of the Parties to stipulate (subject to Court approval) an amendment, modification, or supplement to this Order.

19.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

20.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all current and future: counsel of record and their law firms, parties, and persons made subject to this Order by its terms.

**So Ordered**.

Dated:  March 26, 2025

_____
Honorable Iain B. Johnston
U.S. District Judge

WE SO MOVE
and agree to abide by the
terms of this Order

WE SO MOVE
and agree to abide by the
terms of this Order

_____
LAURA R. HALL
Federal Trade Commission

_____
**JONES DAY**
Lin W. Kahn

Bureau of Competition
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Telephone: (202) 326-3282
Email: lhall1@ftc.gov

JOSEPH R. BAKER
JEFFREY CAO
JOSEPH M. CONRAD
SOPHIA QASIR
MELISSA WESTMAN-CHERRY

*Attorneys for Plaintiff Federal Trade Commission*

RACHEL F. SIFUENTES
Federal Trade Commission
230 South Dearborn St., Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5617
Email: rsifuentes@ftc.gov

*Local Counsel for Plaintiff Federal Trade Commission*

FOR PLAINTIFF STATE OF ILLINOIS

KWAME RAOUL
Attorney General

 /s/
BRIAN M. YOST
Assistant Attorney General, Antitrust
ELIZABETH L. MAXEINER
Bureau Chief, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (872) 276-3598
Email: Brian.yost@ilag.gov
        Elizabeth.maxeiner@ilag.gov

*Attorneys for Plaintiff State of Illinois*

lkahn@jonesday.com
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:      +1.415.626.3939
Facsimile:      +1.415.875.5700

Tiffany D. Lipscomb-Jackson
tdlipscombjackson@jonesday.com
325 John H. McConnell
Boulevard, Suite 600
Columbus, OH 43215-2673
Telephone:      +1.614.469.3939
Facsimile:      +1.614.461.4198

Corey A. Lee
calee@jonesday.com
North Point
901 Lakeside Ave E
Cleveland, OH 44114-1190
Telephone:      +1.216.586.3939
Facsimile:      +1.216.579.0212

John M. Majoras
jmmajoras@jonesday.com
Ryan Thomas
rcthomas@jonesday.com
Lauren Miller Forbes
lmillerforbes@jonesday.com
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:   +1.202.879.3939
Facsimile:    +1.202.626.1700

*Attorneys for Defendant Deere & Company*

FOR PLAINTIFF STATE OF ARIZONA

KRISTIN K. MAYES
Attorney General

_____
SARAH PELTON
ROBERT A. BERNHEIM
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Sarah.Pelton@azag.gov
Robert.Bernheim@azag.gov

*Attorneys for Plaintiff State of Arizona*


FOR PLAINTIFF DANA NESSEL

DANA NESSEL
Attorney General

_____
LEANN D. SCOTT
Assistant Attorney General
(MI Bar No. P84053)
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov

*Attorney for the People of Michigan*


FOR PLAINTIFF STATE OF MINNESOTA

KEITH ELLISON
Attorney General

JAMES CANADAY
Deputy Attorney General

_____.
KATHERINE A. MOERKE

18

Assistant Attorney General, Antitrust Division
ELIZABETH ODETTE
Manager, Assistant Attorney General,
Antitrust Division
Office of the Minnesota Attorney General
Suite 1400
445 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 757-1257
Email: katherine.moerke@ag.state.mn.us
        elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*


FOR PLAINTIFF STATE OF WISCONSIN

JOSHUA KAUL
Attorney General

_____
CAITLIN M. MADDEN
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: maddencm@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

FEDERAL TRADE COMMISSION, ET AL.,

                    *Plaintiffs*,                    **Case No.: 3:25-cv-50017**

v.                                                   **Hon. Iain D. Johnston**

DEERE & COMPANY,

                    *Defendant*.

ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____        _____
                                              Signature

Adopted