UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEERE & COMPANY, <br><br> *Defendant*. | Case No. 3:25-cv-50017 <br><br> Hon. Iain D. Johnston |

**FTC RESPONSE TO AGCO CORPORATION'S MOTION
FOR RECONSIDERATION AND STAY**

Plaintiff Federal Trade Commission ("FTC"), by and through undersigned counsel, respectfully submits this response to the Motion for Reconsideration and Stay filed by AGCO Corporation ("AGCO"), dated August 18, 2025 (ECF No. 181).

**BACKGROUND**

During the status conference held on February 27, 2025, counsel for the FTC erroneously told the Court that, during the FTC's pre-complaint investigation leading to this litigation, a third party filed a motion in federal court to quash a civil investigative demand ("CID") served by the FTC, and that the FTC subsequently withdrew the CID. Feb. 27, 2025 Status Conference Tr. at 24:23-25:5, ECF No. 72. Counsel also failed to correct the error with respect to the identification of the venue as federal district court later in that same hearing. *Id*. at 43:15-44:3. Counsel deeply regrets this error and assures the Court that there was no intent to misrepresent facts. Counsel had in mind the FTC's process for enforcing CIDs, which occurs in federal court. *See* 15 U.S.C. § 57b-1(e). AGCO is correct that third party Hargrove & Associates, Inc.'s challenge to the CID was in the form of a Petition to Quash or Limit the CID filed with the FTC's Office of the

1

Secretary pursuant to 15 U.S.C. § 57b-1(f). AGCO does not dispute that the end result was as described by the FTC's counsel—the CID to Hargrove & Associates, Inc. was withdrawn.

## LEGAL STANDARD

It is well established that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ's, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)).

## ARGUMENT

AGCO's arguments in support of its motion to reconsider do not meet the very high burden required to warrant reconsideration by the Court. FTC counsel did misspeak during the status conference. However, the misstatements do not undermine the Court's well-reasoned initial analysis, and its conclusion that AGCO had available to it a means to challenge the CID remains correct, even if the venue for that challenge was misidentified. The actual events, and what was intended to be conveyed to the Court, occurred as the Court described it: "So, when the FTC seeks documents, parties have remedies, and at least occasionally, a party prevails, and the documents are not produced." Memorandum Opinion and Order Denying OEMs' Motion for a Protective Order ("Mem.") at n.5, ECF No. 180.

The Court's analysis supporting the decision to deny the OEMs' motion relies on *United States v. Aetna Inc.*, No. 16-cv-1494, 2016 U.S. Dist. LEXIS 194989 (D.D.C. Sep. 4, 2016). In particular, the Court notes that "*Aetna* is the only decision concerning a non-party's attempt to object to the production of documents *that were already tendered to the government during a pre-filing investigation*." Mem. at 14 (emphasis added). Having correctly established that there

was a process by which AGCO (and the other OEMs) could have contested the CID, albeit in a different venue than initially identified, the Court's reliance on *Aetna* remains sound.

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests that the Court deny AGCO's Motion for Reconsideration and Stay.

Dated: September 2, 2025

Respectfully submitted,

/s/ Laura R. Hall
LAURA R. HALL
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Telephone: (202) 326-3282
Email: lhall1@ftc.gov

JOSEPH R. BAKER
SOPHIA QASIR
MELISSA WESTMAN-CHERRY

*Attorneys for Plaintiff Federal Trade Commission*

RACHEL F. SIFUENTES
Federal Trade Commission
230 South Dearborn St., Suite 3030
Chicago, IL 60604
Telephone: (312) 960-5617
Email: rsifuentes@ftc.gov

*Local Counsel for Plaintiff Federal Trade Commission*