IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL., *Plaintiffs*, v. DEERE & COMPANY, *Defendant*. | Case No. 3:25-cv-50017 Hon. Iain D. Johnston |
| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | Case No.: 3:22-cv-50188 MDL No. 3030 Hon. Iain D. Johnston |

**DEERE & COMPANY'S OPPOSITION TO AGCO CORPORATION'S MOTION FOR RECONSIDERATION AND STAY**

Defendant Deere & Company ("Deere") opposes AGCO Corporation's ("AGCO's") Motion for Reconsideration and Stay of the Court's August 8, 2025 Memorandum Opinion and Order (Case No. 3:25-cv-50017, ECF No. 180; Case No. 3:22-cv-50188, ECF No. 292, hereinafter "Order"). AGCO asserts that "reconsideration is warranted because the Court's Order relies on a *material* factual misstatement concerning the Association of Equipment Manufacturers ("AEM") and Hargrove & Associates ("Hargrove")." ECF No. 181 at 2 (emphasis added). Specifically, AGCO contends that the fact that Hargrove (rather than AEM) petitioned the Federal Trade Commission (rather than a federal court) to quash a Civil Investigative Demand ("CID") are

material factual errors.[1]  This misstatement, however, is *not* material, and therefore AGCO's motion must be denied.  *See, e.g.*, *Rossi v. City of Chicago*, No. 07 C 06399, 2013 WL 11322822, at *1 (N.D. Ill. Nov. 14, 2013) (denying motion for reconsideration premised not on "manifest error," but on "immaterial [factual] nuances"); *Mortg. Payment Prot., Inc. v. Cynosure Fin., Inc.*, No. 608CV1212ORL22DAB, 2010 WL 11507436, at *2 (M.D. Fla. Sept. 10, 2010) (denying motion to reconsider where the discrepancies in the court's factual findings are "immaterial" and the movant "failed to demonstrate how any of the three alleged factual errors affect the outcome"); *United States v. All Assets Held at Bank Julius*, 502 F. Supp. 3d 91, 96 (D.D.C. 2020) (denying defendant's motion for reconsideration, in part, because the "minor factual errors are not material and do not warrant reconsideration").  In the context of this Court's Order, it is of no consequence *which* recipient of a CID successfully moved to quash the FTC's CID or *how* they sought such relief (whether through federal court or pursuant to the FTC's procedures).  The point, as the Court explained, is that "when the FTC seeks documents, parties have remedies, and at least occasionally, a party prevails, and the documents are not produced." ECF No. 180 at 5 n.5.  The fact remains that Hargrove sought and received relief from the FTC's CID.  This option was available to AGCO, but AGCO did not pursue it.

In any event, the Court's decision to deny the OEMs' motions for protective orders was not based solely, or even primarily, on whether AGCO sought to quash the FTC's CID.  As the Court explained, two important considerations weighed in Deere's favor: *first*, the court recognized that it would be "fundamentally unfair" to withhold the at-issue data from Deere given that "the FTC can—and, in fact, did—use Confidential Information in the Governments' action against Deere," ECF No. 180 at 16, and *second*, "that the robust Confidentiality Order—which the

---

[1] Deere does not dispute that the Court cited a misstatement by Plaintiff FTC during the February 27, 2025 hearing.

OEMs participated in drafting—adequately addresses concerns about inadvertent disclosure," *id.* at 18. The misstatement does not alter either of these rationales.

For the foregoing reasons, Deere respectfully asks the Court to deny AGCO's motion to prevent any further prejudice to Deere from delay in receiving the OEMs' data.

Dated: September 3, 2025

Respectfully submitted,

By: /s/ *Corey A. Lee*

Corey A. Lee
**JONES DAY**
North Point
901 Lakeside Ave E
Cleveland, OH 44114-1190
Telephone: +1.216.586.3939
Facsimile: +1.216.579.0212
calee@jonesday.com

Lin W. Kahn
Christina N. Fulponi
**JONES DAY**
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700
lkahn@jonesday.com
cfulponi@jonesday.com

John M. Majoras
Ryan Thomas
Lauren Miller Forbes
**JONES DAY**
51 Louisiana Avenue, N.W
Washington, DC  20001.2113
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
jmmajoras@jonesday.com
rcthomas@jonesday.com
lmillerforbes@jonesday.com

Tiffany D. Lipscomb-Jackson
**JONES DAY**
325 John H. McConnell Blvd, Ste. 600
Columbus, OH 43215-2673
Telephone:+1.614.469.3939
Facsimile: +1.614.461.4198
tdlipscombjackson@jonesday.com

Sean M. Berkowitz (IL Bar No. 6209701)
Gary Feinerman (IL Bar No. 6206906)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700
Facsimile: +1.312.993.9767
sean.berkowitz@lw.com
gary.feinerman@lw.com

Amanda P. Reeves (*pro hac vice*)
Tara D. Elliott (*pro hac vice*)
Ian R. Conner (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201
amanda.reeves@lw.com
tara.elliott@lw.com
ian.conner@lw.com

Belinda S Lee (*pro hac vice*)
Meaghan Thomas-Kennedy (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
belinda.lee@lw.com
meaghan.thomas-kennedy@lw.com

*Attorneys for Defendant Deere & Company*