UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, STATE OF ARIZONA, ATTORNEY GENERAL DANA NESSEL on behalf of THE PEOPLE OF MICHIGAN, STATE OF MINNESOTA, and STATE OF WISCONSIN, <br><br>　　　　　　　　　　*Plaintiffs*, <br><br>　　v. <br><br> DEERE & COMPANY, <br><br>　　　　　　　　　　*Defendant*. | Case No. 3:25-cv-50017 <br><br> Hon. Iain D. Johnston |

**PLAINTIFFS' OPPOSITION TO AGCO CORPORATION'S MOTION FOR ORDER CERTIFYING INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

In March 2025, non-party original equipment manufacturer AGCO Corporation ("AGCO") filed a motion for a protective order to prevent certain confidential documents ("Contested Documents") from being produced to defendant Deere & Co. ("Deere") in this action. ECF No. 84.[1] The government plaintiffs in this action obtained the Contested Documents from AGCO during the prelitigation investigation. Deere sought equivalent access to the materials, eventually narrowing its request. *See* ECF No. 175 at 7. The Court's August 8, 2025 Memorandum Opinion and Order (ECF No. 180) ("Op.") denied AGCO and the other original equipment manufacturers' ("OEMs") motions but amended the existing Confidentiality Order to provide additional safeguards. Forty-two days after the Court's original order, AGCO sought an

---

[1] Plaintiffs do not take any position on AGCO's motions where they concern *In re: Deere & Company Repair Services Antitrust Litigation*, Case No. 3:22-cv-50188 (the "MDL Action").

immediate appeal of the Court's Opinion via a Section 1292(b) interlocutory appeal. *See* AGCO Corporation's Motion for Certification of an Order for Interlocutory Appeal Under 28 U.S.C. § 1292(b) and for Stay Pending Appellate Review (ECF No. 193) ("Mot.").

A Section 1292(b) appeal may "be used only in extraordinary cases" to avoid "protracted and expensive litigation." *See United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). AGCO's loss in a routine discovery dispute does not satisfy this heavy burden. As discussed below, AGCO's motion fails to satisfy *any* of Section 1292(b)'s four statutory requirements. Moreover, AGCO's motion is untimely—and AGCO's previous motion for reconsideration, which was based on a minor factual point that has no connection to the argument now advanced, is insufficient to extend its time to make this motion. *See* Motion of AGCO Corporation for Reconsideration and Stay (ECF No. 181).

### I.  LEGAL STANDARD

"The general and very salutary rule is that discovery orders are not appealable until the end of the case." *Union Carbide Corp. v. U.S. Cutting Service, Inc.*, 782 F.2d 710, 712 (7th Cir. 1986). Interlocutory appeals of tangential issues can prolong litigation with unnecessary delays and waste judicial resources. *See Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000). As a result, Section 1292(b) certification requires "'exceptional circumstances [to] justify the departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Rogers v. BNSF Ry. Co.*, No. 19 C 3083, 2022 U.S. Dist. LEXIS 109394, at *4 (N.D. Ill. June 21, 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

A district court may certify an order under Section 1292(b) only if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion"

and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). The person seeking the immediate appeal has the "heavy burden" of demonstrating that each of four statutory requirements are met. *City of Joliet v. Mid-City Nat'l Bank*, No. 05 C 6746, 2008 U.S. Dist. LEXIS 48710, at *2 (N.D. Ill. June 13, 2008) (citing *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis original). "The criteria are 'conjunctive, not disjunctive,' therefore, the Court should not grant a motion to certify if the movant does not meet its burden as to any one of these criteria." *Moomaw v. Geosnapshot Pty Ltd.*, No. 3:23-cv-1321-DWD, 2025 U.S. Dist. LEXIS 41010, at *32 (S.D. Ill. Mar. 6, 2025) (quoting *Ahrenholz*, 219 F.3d at 676). There is also "a nonstatutory requirement [that] the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675 (emphasis original).

## II. THERE IS NO QUESTION OF LAW

Section 1292(b) certification requires the identification of a "question of law." 28 U.S.C. § 1292(b). This means "a question of the meaning of a statutory or constitutional provision" that presents "an abstract issue of law . . . suitable for determination by an appellate court without a trial record." *Ahrenholz*, 219 F.3d at 676–77. Discovery disputes almost never present such "pure" questions of law. *See Union Carbide*, 782 F.2d at 712 (generally "discovery orders are not appealable until the end of the case"). Discovery issues are fact-bound and the district court has broad discretion to resolve them. *See, e.g., Reise v. Bd. of Regents of the Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992) ("[A]lmost all interlocutory appeals from discovery orders would end in affirmance" because "the district court possesses discretion, and review is deferential.").

As a result, courts have consistently found that discovery issues do not satisfy the controlling question of law requirement. *See, e.g., Sante Fe Indus., Inc. v. Yorke*, No. 90 C 5359, 1991 U.S. Dist. LEXIS 1637, at *2–*3 (N.D. Ill. Feb. 7, 1991) ("It is difficult to decipher how a discovery order could be a controlling question of law."); *Gripper v. City of Springfield*, No. 04-3215, 2005 U.S. Dist. LEXIS 56560, at *7 (C.D. Ill. Aug. 9, 2005) (rejecting a Section 1292(b) motion where the dispute was over how the court had "exercise[ed] [its] discretion in defining the scope of discovery").

AGCO attempts to construct two questions of law by claiming that the Court's order requiring the production of the Contest Documents did not "apply[] the heightened protections traditionally afforded under Rules 26 and 45" but instead "invoke[d] a generalized fairness-based rationale." Mot. at 2.[2] But, contrary to AGCO's assertions, the Court actually and properly applied Rules 26(b)(1) and 26(c). While AGCO disagrees with *how* the Court applied those rules to the facts of this litigation, the Court's Opinion was entirely consistent with district courts' broad discretion under these rules to manage discovery and presents no issue of controlling law.

A. The Court properly applied Rule 26(b)(1)

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," taking into account, among other factors, the "importance of the discovery" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court correctly applied Rule 26(b)(1) to the particular facts of this case. The Court's consideration of "fairness" did not "displace[]" Rule 26(b)(1), nor did it create some

---

[2] The third question that AGCO identifies, "whether downstream disclosure to private plaintiffs remains subject to Rule 26," Mot. at 2, 4, applies only to the MDL Action.

novel standard. Mot. at 4. Rather, the Court's discussion of fairness flows directly from the ordinary Rule 26(b)(1) analysis of relevance, importance, and burden.

Specifically, the Court found that the contested materials are relevant,[3] that they are important to the resolution of the case,[4] that the "usual concept of burden" does not apply because the materials have already been gathered and produced,[5] and that the OEMs' confidentiality concerns are adequately addressed by the robust Confidentiality Order.[6] AGCO argues that the Court's discussion of "fairness" represents a deviation from the governing standard. But fairness is simply a component of the Court's analysis of the relevance and importance of the discovery at issue. *See* Op. at 16–17 ("Allowing the FTC to have access to the Confidential Information, including the Contested Documents, but not allowing Deere the same access puts Deere at a fundamental disadvantage in this critical litigation."). Finally, even though AGCO's confidentiality concerns are properly addressed under Rule 26(c), the Court also

---

[3] *See, e.g.*, Op. at 16 (holding that the materials constituted "relevant information" and discussing the importance of "[m]utual knowledge of all the relevant facts" (citations omitted)); *id.* at 10–11, 15 (observing that both Plaintiffs and Deere agree "that the Contested Documents are relevant and needed for the litigation" and citing the "inappropriateness of a non-party deciding what is relevant to litigation"). AGCO's own motion concedes that the materials are relevant and will be relied upon in the litigation, as it anticipates that there will be "substantial discovery management, expert analysis, and trial preparation built around those [contested] materials." Mot. at 13.

[4] *See* Op. at 16 (finding that Deere would be "at a fundamental disadvantage in this critical litigation" without access to the Contested Documents).

[5] *See* Op. at 9, n. 10 (explaining that "as the documents have already been gathered and produced to the FTC and are in the FTC's possession, the traditional and usual concept of burden (an administrative burden) doesn't apply under these circumstances").

[6] *See* Op. at 6–7, 15–16, 18–24 (discussing the protections in the Confidentiality Order).

considered these concerns as a form of burden to be considered under Rule 26(b)(1).[7] It found that this burden is speculative in light of the Confidentiality Order's stringent confidentiality protections. *See* Op. at 18–24 ("Based on the requirements of the existing Confidentiality Order—as already entered and as strengthened—and the nature of the Confidential Information and Contested Documents, it's more speculation than a reasonable inference that inadvertent disclosure will occur.").

In sum, a burden that the Court found to be speculative is outweighed by the need for relevant information that is especially important because it is already in the possession of one party. This is an application of Rule 26(b)(1). Although AGCO reframes this dispute as a question of law, its true disagreement is with the Court's application of Rule 26(b)(1) to the facts of this case. AGCO "merely received an adverse discovery ruling on the basis of a standard—the keystone federal rule for discovery rulings—that is beyond settled." *CMB Exp., LLC v. Atteberry*, No. 4:13-cv-04051-SLD-JEH, 2017 U.S. Dist. LEXIS 98010, at *8 (C.D. Ill. June 26, 2017).

B. <u>The Court properly applied Rule 26(c) and correctly declined to apply Rule 45</u>

Rule 26(c) allows courts to issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). AGCO claims the Court did not apply Rule 26(c) in its analysis. *See* Mot. at 2, 5. However, the Court's order specifically discussed whether to enter a protective order under Rule 26(c). *Id.* at 13. Indeed, the OEMs' motions were premised on Rule 26(c), as the Court recognized. *See* Op. at 1, n. 1 ("Because each of the competitors is now a party for the limited purpose of challenging

---

[7] *See* Op. at 8–9, n.10 (noting that AGCO casts its confidentiality concerns as an "interest[] that enforced production would compromise or injure," and thus a "burden" (citing *Patterson v. Burge*, No. 03 C 4433, 2005 U.S. Dist. LEXIS 1331, at *6 (N.D. Ill. Jan. 6, 2005))).

the production and use of confidential information, each can seek a protective order under Rule 26(c).").

AGCO also complains that the Court did not apply Rule 45. Mot. at 7. But here too the Court was correct. The Court's decision to not apply Rule 45 was based upon its review of the facts of this litigation, not any dispute as to the meaning of the Rule. The Court found that "the circumstances in this case are fundamentally different than those at play when the balancing test is used under Rule 45." Op. at 12-13. Unlike in the Rule 45 context, "the OEMs have *already* produced the information to the FTC, now a party to litigation, and the FTC has considered that information. The cat's out of the bag." Op. at 12 (emphasis in original). Decisions based on review of the factual record do not present questions of law. *See Ahrenholz*, 219 F.3d at 677 (questions of law are only presented where "the court of appeals could decide [the issue] quickly and cleanly without having to study the record"). Furthermore, AGCO does not even seriously argue *why* Rule 45 is applicable, only noting that the Rule "would have governed had the [discovery] request been made directly to AGCO," which it was not. *See* Mot. at 4–11.

**III.     ANY QUESTIONS OF LAW ARE NOT CONTROLLING**

Section 1292(b) certification also requires that the "question of law" be "controlling." 28 U.S.C. § 1292(b). This means that the issue is "quite likely to affect the further course of the litigation…." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs.*, 86 F.3d 656, 659 (7th Cir. 1996). Even if AGCO's objections to how the Court applied the Federal Rules to this case are deemed "questions of law," they are clearly not "controlling." Appellate resolution of AGCO's "questions" would not affect any subsequent legal decisions in this case. Apart from the other OEMs, whose objections have already been fully litigated and decided, no other third-party whose materials were produced in response to the FTC's prelitigation investigation has raised

7

similar concerns, and the time in which they could do so has long since passed. The dispute only affects these Contested Documents from AGCO. As it stands now, AGCO is obligated to produce the materials to Deere, and the Court has declined to stay that obligation. *See* ECF No. 194. If AGCO's Section 1292(b) motion is denied, this aspect of the litigation can be definitively concluded, and the case can move forward.[8]

These issues are not "serious to the conduct of the litigation, either practically or legally." *See Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (citation omitted). As discussed in Section II.A and II.B, *supra*, the Court already applied Rules 26(b)(1) and 26(c). Nor is it clear what AGCO hopes to achieve by applying Rule 45. The Rule 45 standard is not "heightened" compared to Rule 26(c), Mot. at 2–3, 5, 7, and persons "who lack[] standing under Rule 45 to challenge a subpoena" may still "'achieve a similar end under Rule 26' by requesting a protective order relating to document requests served on a third party," which AGCO already attempted to do here. *Allstate Ins. Co. v. Electrolux Home Prods.*, No. 16-cv-4161, 2017 U.S. Dist. LEXIS 189229, at *7 (N.D. Ill. Nov. 15, 2017) (citation omitted). And the protective order makes AGCO's only claim of burden under Rule 45—the risk of inadvertent disclosure—"not reasonably likely to occur." Op. at 21. Thus, even if AGCO were to receive a favorable appellate ruling on its purported questions of law, that decision would not impact the further course of this litigation.

AGCO also claims that appellate review would "have systemic and structural consequences" relating to "all future FTC antitrust and enforcement actions." Mot. at 6–7.

---

[8] AGCO has not yet produced the contested documents to Deere, despite the Court's denial of a stay on September 22, 2025. ECF No. 194. While the documents are also in the FTC's possession, the parties previously agreed that the OEMs would produce the documents to Deere directly, so that the OEMs could appropriately designate their materials in accordance with the Confidentiality Order.

However, AGCO cites no case holding that a question of law may be deemed "controlling" based upon its implications for other, unrelated cases where the issue was not controlling in the actual litigation in question.[9] And other courts have explicitly held that such considerations do not satisfy the Section 1292(b) standard. *See, e.g.*, *Doe v. George Wash. Univ.*, 573 F. Supp. 3d 88, 103-04 (D.D.C. 2021) ("[E]ven if, as the plaintiffs argue, the Court's ruling could have far-reaching consequences for other [cases] . . . , the plaintiffs' failure to demonstrate that interlocutory review would impact the resolution of *this* case requires the conclusion that they have failed to satisfy their burden." (cleaned up) (emphasis added)).

## IV. THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE IN OPINION

AGCO has not demonstrated that there is a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). This "contestability" standard requires either "substantial conflicting decisions regarding the claimed controlling issue of law, or [that] the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *United States v. Moglia*, No. 02-c-6131, 2004 U.S. Dist. LEXIS 10424, at *8 (N.D. Ill. June 2, 2004). This criterion is "rigid" and is met "only in rare circumstances." *Emley v. Wal-Mart Stores, Inc.*, No. 1:17-cv-02350, 2020 U.S. Dist. LEXIS 3723, at *13 (S.D. Ind. Jan. 8, 2020). Ultimately, a finding that this standard is satisfied is an

---

[9] AGCO cites *Klinghoffer v. S.N.C. Achille Lauro* as "considering broader precedential impact in § 1292(b) analysis." Mot. at 7 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)). But AGCO misreads that case. Under Section 1292(b), circuit courts may discretionarily decline to accept even a properly certified appeal for "any" reason. *Klinghoffer*, 921 F.2d at 24. While *Klinghoffer* did consider the potential impact of an appeal as "a factor that we [the circuit court] may take into account in deciding whether to accept an appeal," that consideration only applies where the court has *already* concluded that the appeal was "properly certified by the district court." *Id*. *Klinghoffer* explicitly held that a circuit court considering potential implications for other cases when deciding whether to exercise its discretion in accepting a properly certified appeal "is *not* the same as defining a 'controlling question of law' in terms of its precedential value." *Id.* (emphasis added).

9

"acknowledgement of the novelty and complexity of the legal issue." *Clay v. Union Pac. R.R. Co.*, No. 24-cv-4194, 2025 U.S. Dist. LEXIS 109672, at *7 (N.D. Ill. June 10, 2025); *see also FTC v. Walmart Inc.*, No. 22-cv-3372, 2024 U.S. Dist. LEXIS 223661, at *4 (N.D. Ill. Oct. 18, 2024) (contestability was met because the issue was "tricky enough to leave substantial ground for difference of opinion").

AGCO's proposed controlling questions of law do not implicate complex or novel legal questions that have spawned conflicting decisions. Rather, AGCO is attempting to transform a routine discovery dispute, over which district courts are afforded broad discretion, into a seemingly abstract issue of law. AGCO's "unsettled" questions of law all emerge from its theory that the Court compelled disclosure of the Contested Documents solely in accordance with a "generalized fairness rationale" instead of the Federal Rules of Civil Procedure. Mot. at 7–8. But, as discussed in Section II, *supra*, this distinction is contrived. There is no conflict between the Court's decision and the Federal Rules because the Court properly considered fairness as a component of the relevance and proportionality factors of Federal Rule 26.

The case law that AGCO relies on fails to raise any real "divergent approaches" or "competing principles" because the cases are all either inapplicable to or consistent with the Court's reasoning and decision. Mot. at 11. First, like in this case, the cloned-discovery-from-government-productions cases permit parties to request government investigation productions if they can show the productions are relevant. *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2017 U.S. Dist. LEXIS 160411, at *42 (N.D. Ill. Sept. 28, 2017) (holding relevant documents produced to a state AG in a separate investigation may be produced to the plaintiffs in the case); *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP-99-690, 2000 U.S. Dist. LEXIS 8098, at *2 (S.D. Ind. Mar. 7, 2000) (denying plaintiffs' requests for documents produced to DOJ

10

because plaintiffs did not demonstrate the relevance of the requests to their case).[10] Moreover, those cases are situated in a different factual context because, unlike in this case, the government was not a plaintiff that already possessed the information in question, and the same issues with fairness and due process did not arise. The other cases that AGCO relies on to show "heightened protections applicable to non-party information," *see* Mot. at 9, are inapposite because they apply the Rule 45 standard, which is facially inapplicable in this instance, *see* Section II.B, *supra*. The only case discussed by AGCO in its Motion that arises in the same factual context as this litigation is *Aetna*, which had the same outcome and employed the same analysis as the Court's opinion. *See* Op. at 14–19 (noting that "*Aetna* is the only decision concerning a non-party's attempt to object to the production of documents that were already tendered to the government during a pre-filing investigation").

Finally, AGCO argues that "[t]hese are questions of first impression at the appellate level." Mot. at 8. These are not legal "questions of first impression," as they are not legal questions at all. *See* Section II, *supra*. However, even if they were, "the mere lack of judicial precedent on the issue does not establish substantial ground for difference of opinion." *Patrick v. Pyod, LLC*, No. 1:14-cv539-RLY-TAB, 2014 U.S. Dist. LEXIS 149483, at *3 (S.D. Ind. Oct. 20, 2014). AGCO cites *Boim v. Quranic Literacy Inst.* for the proposition that an issue is automatically "contestable" simply if it is a question of first impression. 291 F.3d 1000, 1007–08 (7th Cir. 2002)). Seventh Circuit district courts consistently have concluded that the Seventh

---

[10] AGCO also cites (Mot. at 10) to *In re Graphics Processing Units Antitrust Litig. ("GPUs")*, 2007 U.S. Dist. LEXIS 57982 (N.D. Cal. July 24, 2007). That case, however, merely states that parties are entitled to lodge objections to discovery requests that they did not assert in identical productions for a distinct government investigation. *Id.* at *25–*26. Here, the OEMs objected to the discovery requests made by Deere, which the Court addressed in the Opinion that AGCO is now challenging. *See* Op. at 1–5. This in entirely consistent with *GPUs.*

Circuit did not intend "to create such a per se rule" in *Boim*. *Emley*, 2020 U.S. Dist. LEXIS 3723, at *15 n.6 (citing *Baim* and noting that the Seventh Circuit had subsequently reached contrary results); *see also Hollinger Int'l v. Hollinger Inc.*, No. 04 C 0698, 2005 U.S. Dist. LEXIS 4511, at *12 (N.D. Ill. Feb. 3, 2005) (citation omitted) ("The movant thus may not prevail by simply showing a 'lack of judicial precedent' or that the issue is one of first impression."); *Mahajni v. Vu Do*, No. 24-cv-416-pp, 2025 U.S. Dist. LEXIS 42426, at *11 (E.D. Wis. Mar. 10, 2025) ("Courts in this circuit have held that just because an issue is a matter of first impression does not mean that there is a substantial ground for differences of opinion.").

### V. AN IMMEDIATE APPEAL WOULD DELAY THIS LITIGATION

An interlocutory order can only be appealed if it "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *United States CFTC v. Kraft Foods Grp., Inc.*, 195 F. Supp. 3d 996, 1008 (N.D. Ill. 2016) (immediate appeal appropriate only where it "will expedite rather than protract the resolution of the case"); *see also Ahrenholz*, 219 F.3d at 675 (appellate resolution "must promise to *speed up* the litigation") (emphasis original).

Here, an interlocutory appeal would cause unnecessary delay in the litigation. The Seventh Circuit takes a median of more than 10 months to issue an opinion after the filing of the notice of appeal. *See* U.S. Courts of Appeals, *Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits* (2024), https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf. Assuming the Circuit immediately grants AGCO's interlocutory appeal (and grants a stay), the issue may not be resolved until August of next year—well past the scheduled close of fact and expert discovery. That is a lengthy delay to resolve a single issue that only addresses one aspect of the overarching litigation. *See Flynn v. Exelon Corp*, No. 19 C 8209, 2022 U.S. Dist. LEXIS 15806,

at *12-*13 (N.D. Ill. Jan. 28, 2022) ("In fact, certification would greatly slow litigation down with little impact on the ultimate resolution of the case."). Moreover, AGCO is unable to convincingly explain how an interlocutory appeal would expedite the resolution of this litigation. Even if AGCO were to prevail on appeal, the Court would simply consider Rules 26(b)(1) and 26(c) (again), and would likely grant Deere's discovery request since both the FTC and Deere agree that the documents are relevant and the Court previously held that the Confidentiality Order makes AGCO's only claim of burden under Rule 45—the risk of inadvertent disclosure— "not reasonably likely to occur." Op. at 9 n.10, 21–23. Section 1292(b) seeks to avoid "protracted and expensive" litigation, not to provide intervenors with an avenue to significantly delay litigation because of their disagreement with a routine discovery ruling. *See Wright*, 359 F.2d at 785. Granting this interlocutory appeal would therefore thwart, not satisfy, this aim.

## VI. AGCO'S 1292(B) MOTION IS UNTIMELY

Finally, a Section 1292(b) motion must be filed in the district court "within a reasonable time after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675. "[A] district judge should not grant an inexcusably dilatory request." *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (citation omitted). Here, AGCO seeks to appeal the Court's August 8, 2025 order (ECF No. 180) denying its motion for a protective order. AGCO filed its 1292(b) motion 42 days after the Court's underlying order (ECF No. 193).

"While there is no explicit time limit . . . requests filed more than a month or so after the order sought to be appealed are often deemed untimely." *Green v. Meeks*, No. 20-cv-00463-SPM, 2023 U.S. Dist. LEXIS 177355, at *5 (S.D. Ill. Oct. 2, 2023) (collecting cases). District courts in the Seventh Circuit have routinely held delays of thirty days or more to be unreasonable. *E.g.*, *Morton College Bd. of Trustees v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (a 30-

13

day delay was unreasonable); *Wise v. SLM Corp.*, No. 14-CV-1426-SMY-DGW, 2015 U.S. Dist. LEXIS 139045, at *4 (S.D. Ill. Oct. 13, 2015) (a 35-day delay was unreasonable).

AGCO's 42-day delay was unreasonable given that its opposition to production of the Contested Documents dates back to the first days of the case. There is no excuse for its delay of over a month from the Court's resolution of that dispute to bring this motion. AGCO argues that its 42-day delay was reasonable because it had filed a motion for reconsideration (ECF No. 181), which the Court denied on September 11, 2025 (ECF No. 191). Mot. at 4 n.1. However, AGCO's motion for reconsideration was based on an entirely different issue, a purported mistake of material fact, which AGCO does not raise in its 1292(b) motion.[11] And AGCO could have pursued its Section 1292(b) motion in parallel with its motion for reconsideration. *See, e.g.*, *Weir v. Propst*, 915 F.2d 283, 285 (7th Cir. 1990) (noting that the movant had filed alternative motions for reconsideration or for certification under Section 1292(b)).

Dated: September 30, 2025                                   Respectfully submitted,

  /s/ Laura R. Hall
LAURA R. HALL                                               *Attorneys for Plaintiff Federal Trade*
Federal Trade Commission                                    *Commission*
Bureau of Competition
600 Pennsylvania Avenue, N.W.                               RACHEL F. SIFUENTES
Washington, DC 20580                                        Federal Trade Commission
Telephone: (202) 326-3282                                   230 South Dearborn St., Suite 3030
Email: lhall1@ftc.gov                                       Chicago, IL 60604
                                                            Telephone: (312) 960-5617
JOSEPH R. BAKER                                             Email: rsifuentes@ftc.gov
AUSTIN HEYROTH                                              *Local Counsel for Plaintiff Federal Trade*
ALOK NARAHARI                                               *Commission*
SOPHIA QASIR
MELISSA WESTMAN-CHERRY

---

[11] *See* ECF No. 181 at 2 (arguing that reconsideration was "warranted because the Court's Order relie[d] on a material factual misstatement" regarding AEM and Hargrove & Associates).

14

**FOR PLAINTIFF STATE OF ILLINOIS**

KWAME RAOUL
Attorney General

*/s/ Briam M. Yost*
BRIAN M. YOST
Assistant Attorney General, Antitrust
JENNIFER M. CORONEL
Assistant Attorney General, Antitrust
ELIZABETH L. MAXEINER
Bureau Chief, Antitrust
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (872) 276-3598
Email:  Brian.yost@ilag.gov
           Jennifer.coronel@ilag.gov
           Elizabeth.maxeiner@ilag.gov
*Attorneys for Plaintiff State of Illinois*

**FOR PLAINTIFF STATE OF ARIZONA**

KRISTIN K. MAYES
Attorney General

*/s/ Sarah Pelton*
SARAH PELTON
ROBERT A. BERNHEIM
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Email: Sarah.Pelton@azag.gov
           Robert.Bernheim@azag.gov
*Attorneys for Plaintiff State of Arizona*

**FOR PLAINTIFF DANA NESSEL**

DANA NESSEL
Attorney General

*/s/ LeAnn D. Scott*
LEANN D. SCOTT
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for the People of Michigan*

**FOR PLAINTIFF STATE OF MINNESOTA**

KEITH ELLISON
Attorney General

JAMES CANADAY
Deputy Attorney General

*/s/ Elizabeth Odette*
KATHERINE A. MOERKE
Assistant Attorney General, Antitrust Division
ELIZABETH ODETTE
Manager, Assistant Attorney General, Antitrust Division
Office of the Minnesota Attorney General
Suite 1400
445 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 757-1257
Email:  katherine.moerke@ag.state.mn.us
           elizabeth.odette@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

**FOR PLAINTIFF STATE OF WISCONSIN**

JOSHUA KAUL
Attorney General

*/s/ Caitlin M. Madden*            .
CAITLIN M. MADDEN
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*