IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEERE & CO., <br><br> Defendant. | Case No. 3:25-cv-50017 <br><br> Honorable Iain D. Johnston |
| IN RE DEERE & CO. REPAIR SERVICES ANTITRUST LITIGATION | Case No. 3:22-cv-50188 <br><br> Honorable Iain D. Johnston |

**OPINION AND ORDER**

In March 2025, non-party AGCO Corporation moved for a protective order, broadly seeking to prevent the FTC from producing the internal business documents and financial information AGCO had previously supplied to the FTC. Dkt. 84. After efforts by counsel to resolve concerns proved ineffective, the Court issued an order denying the motion for a protective order while bolstering the already-existing Confidentiality Orders. Dkt. 180. The Court denied AGCO's motion for reconsideration. Dkts. 181, 191. AGCO now moves for an order to certify an interlocutory appeal of three defined questions of law under 28 U.S.C. § 1292(b). Dkt. 307. For the reasons below, as well as those articulated in this Court's prior orders on this topic, the motion is denied.

I. **Legal Standard**

28 U.S.C. § 1292(b) permits a district judge to certify in writing to the Court of Appeals that an order—not otherwise appealable—involves a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation…" 28 U.S.C. § 1292(b). Concisely, there are four criteria that must be met to grant certification: "there must be a question of *law*, it must be *controlling*, it must be *contestable,* and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of U. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Failure to satisfy even one requirement defeats the certification request. *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F.Supp.2d 903, 906 (S.D. Ind. 2002) (citing *Ahrenholz*, 219 F.3d at 676).

A "question of law" refers to a "pure" question of law, rather than "merely to an issue that might be free from factual contest." *Ahrenholz*, 219 F.3d at 676. "The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait [until] the end of the case." *Id.* at 677. A question may be deemed "controlling" if its resolution is "quite likely" to affect the further course of the litigation, even if not certain to do so. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).

A question of law is "contestable" if there are either conflicting positions regarding the issue of law, or if the question of law is not settled by controlling authority *and* there is a substantial likelihood that the district court's ruling will be reversed on appeal. *Mahajni v. Do*, No. 24-cv-416-pp, 2025 U.S. Dist. LEXIS 42426 at *10 (E.D. Wis. Mar. 10, 2025). Finally, a resolution of the question merely serving to "not slow down" the litigation or "not materially delay" the litigation is insufficient; rather, the resolution must *actually* speed up the litigation. *Cima v. Wellpoint Health Network, Inc.*, No. 05-cv-4127-JPG. 2008 U.S. Dist. LEXIS 75183 at *9 (S.D. Ill. Sept. 29, 2008).

## II. Analysis

Here, to the extent the questions presented by AGCO are those of law, they are neither controlling nor would they speed up the litigation. As these questions are easily resolved, the court need not address whether they are contestable or whether the questions posed by AGCO are actually "of law."

The Court is not aware of—nor did AGCO cite to—a single § 1292(b) appeal relating to a discovery order. The reason why is rather apparent: discovery is not a controlling area of law, but rather squarely within the discretionary purview of the trial court. The present litigation could proceed notwithstanding this appeal; this stands contrary to the proposition that it is controlling.

Likewise, the appeal would do nothing to speed up the litigation. To the contrary, it would serve only to delay the proceedings, as the litigants waited longer for discovery to proceed. Although AGCO contends that an immediate appeal "may

materially advance the termination of this litigation," it is not clear how this is true when AGCO is itself a *non-party* to the action. Certification would serve to needlessly delay the action by asking the Seventh Circuit to weigh the same factors already carefully weighed and considered by this Court.

### III.  Conclusion

It is painfully obvious by now that AGCO does not wish to produce these documents. They and other non-parties have said so themselves. "[W]e just don't want this information out there." 22 CV 50188, Dkt. 242, at 12–13. The Court understands. But the information must be disclosed, for the reasons already thoroughly articulated. The Confidentiality Orders in place serve to adequately protect all interests. The motion to certify an interlocutory appeal is denied.

Entered: November 24, 2025                    By: _____
                                                                          Iain D. Johnston
                                                                          U.S. District Judge