**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

|   |   |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, STATE OF ARIZONA, ATTORNEY GENERAL DANA NESSEL on behalf of THE PEOPLE OF MICHIGAN, STATE OF MINNESOTA, and STATE OF WISCONSIN, | Case No. 3:25-cv-50017 |
| *Plaintiffs*, | **JOINT STATUS REPORT** |
| v. | |
| DEERE & COMPANY, | |
| *Defendant*. | |

Pursuant to this Court's Order during the March 2, 2026 Status Conference (ECF No. 242), Plaintiffs Federal Trade Commission ("FTC"), the States of Illinois, Arizona, Minnesota, and Wisconsin, and Attorney General Dana Nessel on behalf of the People of Michigan (together, "Plaintiffs") and Defendant Deere & Company ("Deere," together with Plaintiffs, the "Parties"), by and through their undersigned counsel, provide this joint status report regarding discovery in this action.

## I.      Document Discovery

**Party Discovery**. Following the Court's March 2, 2026 resolution of Plaintiffs' Motion to Compel (ECF No. 242), Deere has committed to complete the production of Mr. Rose's custodial documents by the end of March and to complete production of Board materials, Ms. Clausen's custodial documents, and any documents identified in connection with Plaintiffs' Request No. 42 by April 16, 2026. Deere is continuing to meet and confer with Plaintiffs with respect to their productions in response to Deere's Requests for Production of Documents.

1

**Plaintiffs' Third-Party Discovery**. Plaintiffs served document subpoenas on 13 third parties, including eight Deere Dealers, three manufacturers of agricultural equipment, one of Deere's outside consulting firms, and the Equipment and Tool Institute ("ETI"). Plaintiffs are in the process of negotiating compliance with, or awaiting the production of documents in response to, each of these subpoenas, except from ETI. Plaintiffs have also served follow-on ("me too") subpoenas on certain third parties that received subpoenas from Deere.

**Defendant's Third-Party Discovery**. Deere served document subpoenas on 20 third-party farmers and independent repair providers,[1] one manufacturer of agricultural equipment, the North Dakota Farmers Union, and ETI. Of these, Deere is in the process of awaiting the production of documents by one independent repair provider and one farmer. Deere has also served follow-on subpoenas on certain third parties that received subpoenas from Plaintiffs.

## II. Depositions

The Parties have conducted seven depositions to date, including of two Deere witnesses, three farmers, and two independent repair providers. To date, the Parties have noticed 16 additional depositions, including a 30(b)(6) deposition of Deere (represented by multiple witnesses to be conducted across multiple days), eight 30(b)(1) depositions of Deere witnesses, four depositions of farmers, one deposition of an independent repair provider, and one deposition of ETI, all of which have been scheduled or are in the process of being scheduled. Plaintiffs also anticipate serving deposition subpoenas on additional third parties, including eight Deere dealers

---

[1] Several farmers and independent repair providers requested not to be involved in the litigation. Deere represents that it has not enforced its document subpoenas with respect to these third parties per Plaintiffs' agreement not to rely on these witnesses. Nor has Deere continued to enforce document subpoenas of farmers and independent repair providers whom Plaintiffs removed from their Amended Disclosures served on February 5, 2026.

and one of Deere's outside consulting firms, and are continuing to evaluate whether deposition testimony is needed from other document subpoena recipients.

Following the Court's direction at the March 2, 2026 status conference, Plaintiffs updated their Rule 26(a)(2)(C) disclosures[2] to include the specific opinions that Plaintiffs anticipate third-

---

[2] Deere maintains its position that Plaintiffs' Rule 26(a)(2)(C) disclosures were untimely. Plaintiffs disagree. On December 5, 2025, the Court set a deadline of February 23, 2026 for the Parties to serve Rule 26(a)(2)(C) disclosures.

   **Deere's Position**: Plaintiffs purported to serve their Rule 26(a)(2)(C) disclosures on February 23, 2026, but did not provide the specific opinions as required by Rule 26. Following the March 2, 2026 hearing, Plaintiffs supplemented their disclosures for *one farmer* on March 6—less than two business days before his deposition—and then again on March 13, 2026 for the remaining farmers and independent repair providers—leaving only one business day before the deposition of another farmer.

   **Plaintiffs' Position**: Consistent with the Court's December 5, 2025 Order, Plaintiffs served their Rule 26(a)(2)(C) disclosures on February 23, 2026, which identified the witnesses who may provide expert opinions based on their expertise, the subject matter of their testimony, and the basis for any opinions. Although Plaintiffs believed that the disclosure was sufficient to put Deere on notice of the subjects on which an expert may opine and provided adequate notice for them to cross-examine the witness on those topics, Plaintiffs amended their disclosures as soon as possible following the March 2, 2026 conference (and will not be offering opinion testimony for any witness deposed prior to March 2, 2026).

   Plaintiffs served amended disclosures for one witness on March 6. Although Plaintiffs coordinated with the witness to provide Deere an extra hour of questioning during that witness's March 10 deposition, Deere did not question the witness on his opinions because Deere failed to secure a venue that would permit it to conduct the full examination in a single day. (The February 27 deposition referenced by Deere below was not scheduled to exceed 7 hours and the witness, parties, and court reporter had forgone any breaks over 15 minutes.) The deposition of the March 10 witness is scheduled to be completed on March 26—leaving Deere with three weeks to prepare its examination on the relevant opinions. The amended disclosures for independent repair providers and for the other farmer witnesses were served on March 13. As to farmer witnesses, these disclosures largely mirror the March 6 disclosure, and do not contain any new opinions that were not included in the March 6 disclosure. Deere was able to complete its March 16 examination of a farmer witness within 4.5 hours. Deere was also able to complete its March 18 and March 23 examinations of independent repair provider witnesses within 1.5 hours and 3.5 hours, respectively.

   **Deere's Response:** Deere makes two responsive points. *First*, as Rule 26(a)(2)(C) requires, and as the Court stated during the March 2 Status Conference, Plaintiffs must identify the witness and their opinion if Plaintiffs know or have a good faith basis that the witness is going to offer an opinion that Plaintiffs intend to rely on as an expert opinion under Rule 26(a)(2)(C). Not only did Plaintiffs' February 23 disclosures fail to do so, Plaintiffs refused to do

party farmer and independent repair provider witnesses may offer. Based on their experience over the first few farmer and independent repair provider depositions, the Parties have agreed to proceed as follows for the remaining such depositions: In advance of each deposition of an unrepresented farmer or independent repair provider, Plaintiffs will seek witness consent to an extra hour of testimony beyond the standard seven hours authorized by Rule 26. If consent is given, Deere shall be entitled to 4.5 hours and Plaintiffs to 3.5 hours of examination time. If an unrepresented farmer or independent repair provider witness is unable or unwilling to sit for more than seven hours, Deere shall be entitled to 4 hours and Plaintiffs to 3 hours of examination time. Depending on the scope of purported expert opinions provided by farmers and independent repair providers, Deere reserves the right to seek additional time to have the opportunity to fully vet such opinions. Plaintiffs contend that, based on the scope of the opinions and the depositions to date, one hour should be more than sufficient to explore the witnesses' respective opinions. The Parties agree to meet and confer to attempt to reach agreement if Deere believes it needs additional time and shall seek the relevant witness's consent. For in-person depositions noticed by Deere, Deere will secure deposition venues that can accommodate the full examination in one day, including sufficient time for reasonable and customary breaks.

---

so during the first farmer deposition on February 27. Indeed, counsel for Deere asked counsel for Plaintiffs is they were designating any of the witness's opinion pursuant to Rule 26(a)(2)(C), and Plaintiffs stated it was their plan to supplement that disclosure at a later date. *Second*, Plaintiffs complain that Deere failed to secure a venue that would permit it to conduct the full examination of a farmer in a single day (the March 10 deposition), but what Plaintiffs failed to disclose is that Deere secured a courthouse that was conveniently located to the witness (only 8 miles from his home), given that a hotel or similar location would have required the witness to drive over an hour. Deere's selection of the courthouse was entirely in good faith, especially given that the Parties had successfully completed the deposition of another farmer at a different courthouse with the same time limitations on February 27.

### III.     Case Schedule

In a motion filed simultaneously herewith, the Parties respectfully request a 60-day extension of the case schedule to provide adequate time to complete fact discovery, including to accommodate the schedules of deposition witnesses and avoid placing an undue burden on them. Under the Parties' proposed amended scheduling order, fact discovery would conclude on June 5, 2026, and all other deadlines would also be moved back by 60 days.

As to undisputed requests for production, Deere substantially completed its production of documents on December 31, 2025. Pursuant to the production schedule Deere identified to Plaintiffs in its December 2, 2025 correspondence, Deere continued to make rolling follow-up productions of documents through January 31, 2026. Following the Court's March 2, 2026 Order on Plaintiffs' Motion to Compel, Deere has committed to complete its remaining production of documents by mid-April.

Plaintiffs noticed depositions of Deere corporate representatives and individual Deere witnesses on January 16, 2026, February 20, 2026, and March 17, 2026, and served third-party deposition notices to farmers and independent repair providers between January 30, 2026 and February 13, 2026. Due to the Parties' dispute over whether depositions of unrepresented third-party farmers and independent repair providers could be conducted in-person, these depositions could not begin until after March 2, 2026, resulting in several depositions being postponed. In addition, the deposition of one farmer was postponed to accommodate his delayed production of documents in response to the Parties' respective subpoenas.

The Parties are now working diligently to complete the depositions, oftentimes completing several depositions in a week, and have prioritized the depositions of farmers and independent repair providers this month in order to complete their depositions in advance of the

5

planting season.[3] Yet, several depositions remain, including the 30(b)(6) deposition of Deere, which may take up to 14 hours of record time.[4] Due to the breadth of topics of Plaintiffs' 30(b)(6) Notice, Deere has indicated that it may need to spread out the 30(b)(6) deposition across at least eight days, which will require the Parties to take an average of two depositions per week over three weeks in April. Also, Plaintiffs have recently noticed four additional Deere fact witnesses, which overlap, in part, with Plaintiffs' Rule 30(b)(6) notice and are in the process of being scheduled. The Parties' proposed amended scheduling order provides for the completion of Deere depositions by May 22, 2026.

Plaintiffs are also in the process of finalizing the scope of document productions with twelve third parties, including eight Deere dealers, three third-party equipment manufacturers, and one Deere outside consulting firm. Depositions of these third parties will need to follow the completion of document productions. The Parties' proposed amended scheduling order provides for these depositions to be completed by May 29, 2026.

Following the completion of depositions, the Parties will supplement their responses to contention interrogatories and other discovery responses as required by Rule 26 of the Federal Rules of Civil Procedure. Accordingly, the Parties propose that fact discovery be extended by 60 days to June 5, 2026 and for all other deadlines to be commensurately extended by 60 days, with the exception of certain dates which, as reflected in the Joint Motion to Modify Case Schedule, have been further adjusted to avoid weekends and holidays.

---

[3] Two farmer depositions remain to be scheduled. All other depositions of farmers and independent repair providers are scheduled to be completed by April 2, 2026.

[4] Plaintiffs reserve the right to request additional time to complete their depositions as may be warranted, including based on Deere's and the witnesses' conduct during the deposition. Deere reserves the right to oppose any unwarranted requests for additional time, and takes the position (opposed by Plaintiffs) that Deere and its witnesses have in no way engaged in any conduct during the deposition to warrant any such request.

Dated: March 24, 2026

Respectfully submitted,

By: */s/ Laura R. Hall*
    LAURA R. HALL
    Federal Trade Commission
    Bureau of Competition
    600 Pennsylvania Avenue, N.W.
    Washington, DC 20580
    Telephone: (202) 326-3282
    Email: lhall1@ftc.gov

    JOSEPH R. BAKER
    SOPHIA QASIR
    MELISSA WESTMAN-CHERRY

    *Counsel for Plaintiff Federal Trade Commission*

    RACHEL F. SIFUENTES
    Federal Trade Commission
    230 South Dearborn St., Suite 3030
    Chicago, IL 60604
    Telephone: (312) 960-5617
    Email: rsifuentes@ftc.gov

    *Local Counsel for Plaintiff Federal Trade Commission*

    FOR PLAINTIFF STATE OF ILLINOIS

    KWAME RAOUL
    Attorney General
    */s/ Brian M. Yost*
    BRIAN M. YOST
    Assistant Attorney General, Antitrust
    JENNIFER M. CORONEL
    Assistant Attorney General, Antitrust
    ELIZABETH L. MAXEINER
    Bureau Chief, Antitrust
    Office of the Illinois Attorney General
    115 S. LaSalle Street
    Chicago, IL 60603
    Telephone: (872) 276-3598
    Email: Brian.yost@ilag.gov
        Jennifer.coronel@ilag.gov
        Elizabeth.maxeiner@ilag.gov

By: */s/ Lin W. Kahn*
    Lin W. Kahn
    Christina N. Fulponi
    JONES DAY
    555 California Street, 26th Floor
    San Francisco, CA 94104
    Telephone:    +1.415.626.3939
    Facsimile:    +1.415.875.5700
    Email: lkahn@jonesday.com
    Email: cfulponi@jonesday.com

    John M. Majoras
    JONES DAY
    51 Louisiana Avenue, N.W.
    Washington, DC 20001.2113
    Telephone:    +1.202.879.3939
    Facsimile:    +1.202.626.1700
    Email: jmmajoras@jonesday.com

    Tiffany D. Lipscomb-Jackson
    JONES DAY
    325 John H. McConnell Boulevard
    Suite 600
    Columbus, OH 43215-2673
    Telephone:    +1.614.469.3939
    Facsimile:    +1.614.461.4198
    Email: tdlipscombjackson@jonesday.com

    Corey A. Lee
    JONES DAY
    North Point
    901 Lakeside Ave E
    Cleveland, OH 44114-1190
    Telephone:    +1.216.586.3939
    Facsimile:    +1.216.579.0212
    Email: calee@jonesday.com

    Ryan Thomas
    Lauren Miller Forbes
    JONES DAY
    51 Louisiana Avenue, N.W.
    Washington, DC 20001.2113
    Telephone:    +1.202.879.3939
    Facsimile:    +1.202.626.1700

*Attorneys for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF ARIZONA

KRISTIN K. MAYES
Attorney General
 */s/ Sarah Pelton*
SARAH PELTON
ROBERT A. BERNHEIM
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Email: Sarah.Pelton@azag.gov
         Robert.Bernheim@azag.gov

*Attorneys for Plaintiff State of Arizona*

FOR PLAINTIFF DANA NESSEL

DANA NESSEL
Attorney General
 */s/ LeAnn D. Scott*
LEANN D. SCOTT
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov

*Attorney for the People of Michigan*

FOR PLAINTIFF STATE OF MINNESOTA

KEITH ELLISON
Attorney General

JAMES CANADAY
Deputy Attorney General
 */s/ Katherine A. Moerke*
KATHERINE A. MOERKE
Assistant Attorney General, Antitrust Division

Email: rcthomas@jonesday.com
Email: lmillerforbes@jonesday.com

Sean M. Berkowitz (IL Bar No. 6209701)
Gary Feinerman (IL Bar No. 6206906)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:      +1.312.876.7700
Facsimile:      +1.312.993.9767
Email: sean.berkowitz@lw.com
Email: gary.feinerman@lw.com

Amanda P. Reeves (*pro hac vice*)
Tara D. Elliott (*pro hac vice*)
Ian R. Conner (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone:      +1.202.637.2200
Facsimile:      +1.202.637.2201
Email: amanda.reeves@lw.com
Email: tara.elliott@lw.com
Email: ian.conner@lw.com

Belinda S Lee (*pro hac vice*)
Meaghan Thomas-Kennedy (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone:      +1.415.391.0600
Facsimile:      +1.415.395.8095
Email: belinda.lee@lw.com
Email: meaghan.thomas-kennedy@lw.com

*Attorneys for Defendant Deere & Company*

8

ELIZABETH ODETTE
Manager, Assistant Attorney General,
Antitrust Division

Office of the Minnesota Attorney General
Suite 1400
445 Minnesota Street
St. Paul, MN 55101
Telephone: (651) 757-1257
Email: katherine.moerke@ag.state.mn.us
       elizabeth.odette@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF WISCONSIN

JOSHUA KAUL
Attorney General
 */s/ Caitlin M. Madden*
CAITLIN M. MADDEN
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: Caitlin.Madden@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

9