**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | Case No.: 3:22-cv-50188 |
| THIS DOCUMENT RELATES TO: ALL CASES | Hon. Iain D. Johnston |
| FEDERAL TRADE COMMISSION, STATE OF ILLINOIS, STATE OF ARIZONA, ATTORNEY GENERAL DANA NESSEL on behalf of THE PEOPLE OF MICHIGAN, STATE OF MINNESOTA, and STATE OF WISCONSIN, | Case No. 3:25-cv-50017 |
| *Plaintiffs*, | Hon. Iain D. Johnston |
| v. | |
| DEERE & COMPANY, | |
| *Defendant*. | |

**JOINT POSITION PAPER**

Pursuant to the Court's July 9, 2026, Minute Order (ECF No. 341), Plaintiffs in *In re Deere & Company Repair Services Antitrust Litigation* and Defendant Deere & Company ("Deere" and, collectively, "the parties") respectfully submit this Joint Position Paper, which compares the injunctive relief initially secured in *In re Deere & Company Repair Services Antitrust Litigation*, 3:22-cv-50188 (the "MDL Order") (ECF No. 333-3) with the injunctive relief later included in the proposed stipulated order in *Federal Trade Commission, et al. v. Deere & Company*, 25-cv-50017 (the "Government Order") (ECF No. 260). Both agreements define obligations toward farmers and independent repair providers ("IRPs"), and the repair resources covered by the injunctive provisions in the two settlements are the same in substance and meaning despite minor differences

1

in language used. Indeed, the Government Order includes all injunctive relief imposed by the MDL Order as well as additional relief that is consistent with the MDL Order yet reflects the different procedural posture of the respective actions. Each order has its own monitoring and enforcement mechanisms. Deere can meet the obligations in both orders, as they overlap and do not conflict.

**I.      There is Substantial Overlap Between the MDL Order and the Government Order.**

**A.      Repair Resources**

Each order expressly requires Deere to:

- Make the current resources needed to maintain, diagnose, and repair Deere agricultural equipment available to equipment owners, lessors, and IRPs (Government Order, Sec. II; MDL Order, Appx. A, Sec. B);

- Make any future successors to those resources—or new, as-yet-unknown future capabilities needed to maintain, diagnose, or repair Deere agricultural equipment— similarly available to equipment owners, lessors, and IRPs as soon as access is granted to over 50 percent of Deere dealer locations (Government Order, Sec. II; MDL Order, Appx. A, Sec. B); and

- Provide these current and future resources on "fair and reasonable terms" (Government Order, Sec. II; MDL Order, Appx. A, Sec. B).

**B.      Enforcement**

In both orders, the injunctive commitments run for ten years from the date the Court approves or enters the applicable settlement order and is enforceable by the Court. Government Order, Secs. X, XI; MDL Order, Appx. A, Sec. D.

**C.      Additional Language in Government Order**

The Government Order includes two Repair Resources that are implicit in the MDL Order, specifically:

2

- *Electronic locks.* The ability to disable and reset any electronic locks to permit diagnosis, maintenance, or repair, which is necessarily required to utilize the other Repair Resources included in each Settlement, is explicitly identified in the Government Order's definition of Repair Resources, Government Order, Appx. A(f); and

- *Diagrams and other guidance.* The Government Order clarifies that Deere's commitment to enable viewing and searching operator and technical manuals includes diagrams, schematics, and other guidance, *id.* Appx. A(p).

Finally, the Government Order notes that Repair Resources and Future Repair Resources must include any functions or capabilities reasonably necessary to maintain, diagnose, and repair Deere Agricultural Equipment. *Id.*, Sec. I(Q), (U). The parties understand Appendix A in the MDL Order to include all functions or capabilities meeting that definition. Additionally, "Repair Resources" is defined under the MDL Order as including those functions that "allow Deere Large Agricultural Equipment to be maintained, diagnosed, and repaired such that it can be operated in the manner for which it was designed," which provides class members with similar protection. MDL Order at Appx. A, Sec. A.3. "Future Repair Resources," which Deere also must make available under the MDL Order, include updates and successor versions of these Repair Resources, as well as new functionalities, capabilities, and products. *Id.*, Appx. A, Sec. A.4, B.2.

## D. Agreed Amendment to MDL Settlement Agreement

For the avoidance of doubt and to confirm the consistency of the capabilities required by both Settlements, the parties in *In re Deere & Company Repair Services Antitrust Litigation* have agreed to amend the MDL Settlement Agreement to include the following language: "The parties agree that despite minor differences in language used, the repair resources covered by the injunctive provisions in this [MDL] Settlement and the Stipulated Order for Permanent Injunction

3

and Other Relief between Deere and the FTC . . . are the same in substance and meaning. However, for the avoidance of doubt, the parties agree that the scope of repair resources covered by this Settlement and the FTC Settlement shall be interpreted identically." July 27, 2027 Addendum to Settlement Agreement dated Mar. 6, 2026 ("July 27, 2026 Addendum").

**II.    Other Language Differences Between the Two Settlements Do Not Result in a Different Scope of Repair Resources.**

As noted, while there are minor language differences in the Agreements, these language differences do not result in differences in the scope of repair resources that will be available to farmers and IRPs. The Government Order contains the below further provisions not contained in the MDL Order, but which are not inconsistent with the MDL Order.

- *Nonretaliation.* Government Order, Sec. II(D) obligates Deere to instruct Deere Dealers, in the manner described in Section IV and Appendix E of the Government Order, to promote and support Repair Resources and Future Repair Resources and not to discriminate or retaliate against any owner or IRP that purchases Repair Resources or Future Repair Resources or engages in the repair of Deere Agricultural Equipment.

- *Equivalence*: The Government Order states that the repair resources Deere provides to owners and IRPs must be "equivalent" to those it provides to its authorized dealers. *See* Government Order, Sec. II.A. This equivalence language describes the Repair Resources that are already outlined in the Government Order, which, as described above, are the same in substance as what is covered by the MDL Order. To the degree there is any doubt about the foregoing, the language in the two settlements has been harmonized. *See* July 27, 2026 Addendum.

- *Affordability.* The Government Order also specifically notes that one of the factors defining "fair and reasonable terms" is affordability. Government Order, Sec. I(P). This

4

requirement does not impact the scope of Repair Resources that both settlements make available directly to farmers and IRPs. In addition, the list of factors defining what is fair and reasonable in the MDL Order is non-exhaustive.

- *Scope of the Products Included.* With respect to the MDL Settlement, the Settlement Class is defined as "[a]ll persons and entities who purchased Repair Services for Deere Large Agricultural Equipment from John Deere or its authorized dealers in the United States." *Id.*, Sec. A, ¶ 8. "Deere Large Agricultural Equipment" is then defined as "agricultural equipment manufactured by John Deere, which depend for their functioning, in part, on electronic control units ('ECUs') and which include large and medium tractors (all 6000, 7000, 8000, and 9000 Series models); combines; cotton pickers; cotton stripes; sugarcane harvesters; tillage, seeding (including planters), and application equipment and sprayers." *See id.*, Sec. A, ¶ 1. This equipment was the focus of the MDL action.

- With respect to the Government Order, the covered "Deere Agricultural Equipment" includes "any past, current, or future product manufactured or sold by Deere for use in farming or other forms of agriculture that depends for its functioning, in whole or in part, on digital electronics embedded in or attached to it." Government Order, Sec. I.I. Unlike the MDL Order, the Government Order does not incorporate a size limitation, and thus the covered equipment would include, for example, smaller compact tractors, utility tractors, and high-value-crop tractors. *See id.* These smaller forms of agricultural equipment were not at issue in the MDL action. The Government Order's definition also includes equipment containing components supplied to Deere by third parties, which were similarly not at issue in the MDL action. Accordingly, the Government Order includes an exception to that Order's commitments for a single third-party supplier of such

components ("Company A")—specifically, Deere must exercise reasonably best efforts to obtain Company A's approval to make the same capabilities available for their components.

- *Notice*. Deere must provide notice of the Government Order to customers, dealers, and Deere directors, officers, and employees; the MDL Plaintiffs must notify Settlement Class members. Government Order, Sec. IV (customers, dealers), V(A) (directors, officers, and employees); MDL Order, Sec. B. Rule 23 also dictates that the MDL Plaintiffs provide notice to the Settlement Class. *See* Fed. R. Civ. P. 23.

**III.      Each Order Has Its Own Monitoring and Enforcement Procedures.**

The MDL Order specifies the process for class members to submit notifications of suspected noncompliance and filing actions to enforce the MDL Order. MDL Order, Appx. A, Sec. D. The Government Order provides for periodic and interim compliance reports and documentation (if needed) and specifies the burden of proof, statute of limitations, and available remedies applicable to any enforcement proceeding before the Court. Government Order, Secs. VI, X.

**IV.      Conclusion**

Although there are certain differences between the two settlements, the Repair Resources made available to farmers and IRPs thereunder are the same in substance and meaning and shall be interpreted identically. *See* July 27, 2026 Addendum. Most importantly, Deere is able to meet—and in many instances is already meeting—the obligations described in both Orders. The parties believe entry of both settlements is in the best interest of the parties and Settlement Class members.

6

Dated: July 27, 2026

/s/ Adam J. Zapala
Adam J. Zapala
Elizabeth T. Castillo
Christian S. Ruano
**COTCHETT, PITRE &**
**MCCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
cruano@cpmlegal.com


/s/ Daniel C. Hedlund
Daniel C. Hedlund
Daniel E. Gustafson
Michelle J. Looby
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com


Dennis J. Stewart
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
dstewart@gustafsongluek.com

*Interim Co-Lead Counsel for MDL Plaintiffs*

Respectfully submitted:

/s Kenneth A. Wexler
Kenneth A. Wexler
Justin N. Boley
Tyler J. Story
Margaret L. Shadid
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, IL 60606
Telephone: (312) 346-2222
F: (312) 346-0022
kaw@wbe-llp.com
jnb@wbe-llp.com
tjs@wbe-llp.com
ms@wbe-llp.com

*/s/ Tiffany D. Lipscomb-Jackson*
Tiffany D. Lipscomb-Jackson
**JONES DAY**
325 John H. McConnell Boulevard,
Suite 600
Columbus, OH 43215-2673
Telephone: (614) 281-3876
tdlipscombjackson@jonesday.com

John M. Majoras
Ryan C. Thomas
Lauren Miller Forbes
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939
jmmajoras@jonesday.com

Lin W. Kahn
Christina N. Fulponi
**JONES DAY**
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Email: lkahn@jonesday.com
Email: cfulponi@jonesday.com

Corey A. Lee
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
calee@jonesday.com

Paxton J. Lozano (6339313)
**JONES DAY**
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone: (312) 269-4121
plozano@jonesday.com

*Counsel for Defendant Deere & Company*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Tiffany D. Lipscomb-Jackson*

*Counsel for Defendant Deere & Company*